195 So.2d 465 (1967)
Anthony CARONA
v.
Dr. Howard M. RADWIN and his insurer, Government Employees Insurance Co.
No. 2434.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1967.
Rehearing Denied March 6, 1967.
Writ Refused May 4, 1967.
*466 Occhipinti, Occhipinti, Casano & Kunz A. R. Kaye Occhipinti, New Orleans, for plaintiff-appellant.
Hammett, Leake & Hammett, Donald Hammett, New Orleans, for Dr. Howard M. Radwin and Government Employees Ins. Co., defendants-appellees.
Porteous & Johnson, William A. Porteous, III, New Orleans, for Curtis Guidry and Allstate Ins. Co., defendants-appellees.
Before YARRUT, HALL and BARNETTE, JJ.
BARNETTE, Judge.
This is an appeal from a judgment maintaining a plea of prescription and dismissing plaintiff's suit against defendants Curtis Guidry and his insurer, Allstate Insurance Company. The appeal is limited to the question of prescription. There is no appeal by plaintiff from the judgment rejecting his demands and dismissing his suit against defendants Howard M. Radwin and his insurer. The merits of the case relating to liability and quantum of damages are not before us, and our opinion will be limited to the issues raised by the plea of prescription.
The facts and circumstances giving rise to the issue before us are as follows:
Plaintiff Anthony Carona was driving his car in the inside, or neutral zone, lane on Veterans Highway, a four-lane, divided highway in Jefferson Parish, on October 1, 1963. Immediately in front of him, but traveling in the right-hand lane in the same direction, was defendant Guidry, insured by Allstate. Immediately behind plaintiff, traveling in the same direction, was defendant Radwin, insured by Government Employees Insurance Company. Guidry made a turn out of his lane into the lane occupied by Carona resulting in an impact between their respective automobiles, and causing Carona to stop suddenly. Carona's car was then struck from the rear by the car driven by Radwin. Apparently the major damage to plaintiff's car and his personal injuries were caused by the second impact. The trial court rejected the argument that there were two separate accidents, holding that there was but one and that the sole proximate cause was the negligence of the defendant Guidry. As stated above, there has been no appeal on the merits, and this finding of fact is final.
Plaintiff brought suit against Radwin and his insurer, charging negligence and seeking recovery of damages. Radwin and his insurer answered plaintiff's petition and also filed a third party demand against Guidry and Allstate seeking contribution *467 on the allegation that, if there was negligence on the part of Radwin, there was also joint and concurrent negligence on the part of Guidry. Plaintiff's suit and the third party demand were both filed well within one year from the date of the accident.
On March 1, 1965, more than one year after the accident, plaintiff filed a supplemental and amended petition charging Guidry with negligence and alleging:
"In the alternative and only in the alternative your petitioner shows that in the event this Court does not find that the accident hereinabove described was caused through the fault and negligence of Dr. Howard M. Radwin and Government Employees Insurance Company, then in that event your petitioner alleges that Curtis Guidry and Allstate Insurance Company be made defendants herein in that the accident complained of was caused through the joint and concurrent negligence of the said Dr. Radwin and third party defendant, Curtis Guidry."
He prayed for judgment against Radwin and Guidry and their respective insurers jointly and in solido.
Guidry and Allstate answered the supplemental and amended petition, and assumed the position of third party plaintiffs against Radwin and his insurer praying for indemnity or contribution.
The court found that the defendant Guidry was negligent and that his negligence alone was the proximate cause of the accident. Accordingly, judgment was rendered on November 19, 1965, in favor of plaintiff Carona against Guidry and Allstate in the amount of $3,096.22. All third party demands were dismissed.
On November 22, Guidry and Allstate filed motion for a new trial, and raised the issue of prescription for the first time. Their position was that prescription could not have been pleaded on their behalf even though they had been made defendants more than one year after the accident, because of the timely filing of a suit against their alleged joint tort-feasor, Radwin. However, since the court had found that Radwin was not a joint tort-feasor and that Guidry's negligence was the sole proximate cause of the accident, the timely filing against Radwin did not interrupt prescription as to Guidry and Allstate.
On December 7, plaintiff filed an answer to the motion and prayed for a new trial against Radwin and his insurer. On the same day, December 7, the court granted a new trial but limited it to the question of prescription. The application for a new trial as to Radwin and his insurer was denied.
The issue of prescription was tried and submitted on briefs; and on March 23, 1966, judgment was rendered maintaining the plea of prescription, and recalling, vacating, and setting aside the judgment of November 19, 1965. The judgment further dismissed plaintiff's suit against all defendants and dismissed all third party demands. Plaintiff has appealed from that judgment.
Counsel for Guidry and Allstate contends that a third party demand seeking contribution from a third party defendant will not interrupt prescription as between the original plaintiff and the third party defendant, citing Sizeler v. Employers' Liab. Assur. Corp., 102 So.2d 326 (La.App. Orleans 1958), and Hart v. Hardgrave, 103 So.2d 910 (La.App.2d Cir. 1958). In this contention, counsel is in error, and his argument must be rejected. LSA-R.S. 9:5801 (1960); National Sur. Corp. v. Standard Acc. Ins. Co., 247 La. 905, 175 So.2d 263 (1965).
In the Sizeler case the court made a distinction between the cause of action sued upon by the original plaintiff and that sued upon by the third party plaintiff. Mrs. Sizeler and a Mr. O'Reilly were both passengers in a limousine operated by Stephens Buick Company from a parking lot to downtown New Orleans. Mrs. *468 Sizeler was injured while alighting from the limousine and brought suit against O'Reilly's comprehensive insurance carrier based on O'Reilly's alleged negligence. The insurer answered denying coverage and on the same day (within a year of the accident) filed a third party suit against the insurer of Stephens Buick Company, predicated on the theory that, under its policy of insurance with Stephens, it was the omnibus insurer of Stephens' passenger O'Reilly, and was responsible for any negligence on his part. Mr. and Mrs. Sizeler's suit was dismissed because of coverage limitations in O'Reilly's comprehensive insurance. The third party suit was also dismissed. Immediately thereafter the Sizelers brought suit against the liability insurer of Stephens Buick Company based on the alleged negligence of Stephens in not equipping its limousine with certain safety devices. This suit was filed more than one year after the accident.
The court properly held that prescription had run against Mr. and Mrs. Sizeler and made this pertinent comment:
"In this suit plaintiffs changed their original cause of action from a claim against Southwestern Fire & Casualty Company as insurer of O'Reilly for his alleged negligence in causing the accident to a claim against the defendant as the insurer of Stephens Buick Company for its alleged negligence as a common carrier in failing to provide a "strap" or `rod' which passengers could grasp and thus facilitate their alighting from the vehicle." (Emphasis added.) 102 So.2d at 328.
Clearly in that case the cause of action in the original suit was based on the negligence of O'Reilly. The third party suit was based on an alleged insurance coverage of the passenger O'Reilly, for his negligence. No cause of action imputing negligence to Stephens Buick Company was mentioned until plaintiffs filed their second suit more than one year after the accident. The judgment holding that prescription was not interrupted was correct and was in perfect harmony with the rationale of the Supreme Court in the later case, National Sur. Corp. v. Standard Acc. Ins. Co., supra.
The Hart case, supra, cited by defendants, correctly holds that for prescription to be interrupted or res judicata to apply "the demand must be founded on the same cause of action; however, `cause of action' is not synonymous with `automobile collision.'" 103 So.2d at 920.
The timely third party demand by Radwin and his insurer against Guidry and Allstate clearly put at issue the negligence of Guidry, from which negligence the plaintiff Carona suffered injury. It was immaterial to this cause of action that Radwin's alleged negligence might also have been a proximate cause of Carona's injury. Guidry and Allstate were put on notice, by suit against them within a year of the accident, that Guidry's negligence was a cause of Carona's damage and personal injury. Plaintiff's later petition did not change this cause of action. The fact that the court found Guidry's negligence to be the sole proximate cause does not change the nature of the cause of action against them.
As indicated above, the issue here is settled by LSA-R.S. 9:5801 and the decision of the Supreme Court in National Sur. Corp. v. Standard Acc. Ins. Co., supra. In that case an employer's compensation carrier brought suit to recover the amount of compensation paid an injured employee. The suit, in tort, alleged that the injury was caused by the negligence of a truck driver who worked for another employer and was directed against the other employer, his insurer, and the truck driver. After a year from the date of the injury, the injured employee filed an intervention, sought damages in tort against the named defendants, and adopted the pertinent allegations of negligence already asserted against the defendants. The Supreme Court, in reversing the Court of Appeal and district court which had sustained a *469 plea of prescription, cited LSA-R.S. 9:5801 and said:
"We find that one principal cause of action resulting from a single tort exists hereinnamely, the alleged negligence of Brown Ferguson. Marquette Casualty Company v. Brown, [235 La. 245, 103 So.2d 269,] supra; Lewis v. Republic Supply Co., La.App., 155 So.2d 200. As stated supra, the employer's insurer alleged negligence, and the employee adopted his allegations. Recovery is predicated upon the proof of the sole or joint negligence of Ferguson; if damages accrue to Tyson [the injured employee], benefits and expenses paid by plaintiff must be subtracted from them.
* * * * * *
"It is true that herein the monetary demand of the employer's insurer is substantially smaller than the monetary demand of Tyson, but both demands arise and stem from one cause of action. * * *
"* * * Certainly the claim of Tyson affected the one cause of action alleged by plaintiff; it follows that any prescription applying to the filing of an intervention by Tyson was interrupted by the timely filing of suit by the employer's insurer, especially, as stated supra, when the intervention was filed before answer. We conclude that herein there can be no separate prescription which applies to rights of action as opposed to cause of action." (Emphasis added.) 247 La. at 918-20, 175 So.2d at 268.
The rationale adopted by the Supreme Court is equally applicable to the factual situation presented here.
Counsel for appellees further contends that Carona is not entitled to recovery against Guidry and his insurer because he failed to pray for judgment against them severally. We find no merit in this argument. If judgment had been rendered in favor of plaintiff as he prayed, against Radwin and his insurer and Guidry and Allstate, jointly and in solido, Guidry and Allstate would have been liable for payment in full of such judgment had Carona elected to execute only against them. In that event, their recourse would have been for contribution against their codefendants. The judgment holding Guidry and Allstate solely liable did not change their possible liability as to plaintiff Carona, but merely denied them the right to contribution from Radwin and his insurer. They did not appeal from that judgment.
Since no appeal has been taken by any of the parties from the findings of fact on the merits, the trial court's assessment of damages due plaintiff Carona in the amount of $3,096.22, or the dismissal of all third party demands, those issues are finally resolved; and judgment will now be decreed accordingly.
The judgment of March 23, 1966, is reversed insofar as it maintains the plea of prescription of defendants Curtis Guidry and Allstate Insurance Company and dismisses plaintiff's suit against said defendants. It is now ordered, adjudged, and decreed that the plea of prescription be overruled and that there be judgment in favor of plaintiff Anthony Carona against the defendants Curtis Guidry and Allstate Insurance Company in solido in the sum of $3,09622 with legal interest thereon from date of judicial demand. Appellees Curtis Guidry and Allstate Insurance Company are to pay all costs of these proceedings.
Reversed in part and judgment rendered.