507 So.2d 1237 (1987)
Sharon Denise RANDALL
v.
Tony FEDUCIA and Commercial Union Insurance Companies, in Solido.
No. 86-C-2541.
Supreme Court of Louisiana.
June 1, 1987.
Rehearing Denied June 30, 1987.
Clarence Gerhardt, William Kendie, for applicant.
Ronald Raney, Lunn, Irion, et al; Henry Bernstein, Charles Grubb, for respondent.
COLE, Justice.
We are presented with two issues in this case.
*1238 The first issue is whether or not a landlord has a duty to repair a defective walkway, existing because of governmental construction of a public sidewalk within the right-of-way located on or adjacent to his property.
The second issue is whether or not the filing of a third party petition by the defendant after the expiration of the one year presciptive period applicable to plaintiff's cause of action, but within the ninety days provided for by La.Code Civ.P. art. 1067,[1] allows the plaintiff to thereafter proceed and obtain judgment against the third party defendant who is not solidarily liable.
After the filing of the third party demand by the original defendant, the plaintiff amended her main demand to join the third party defendant as a co-defendant. It was determined below the original defendant was not at fault and that the third party defendant (co-defendant) was partially at fault. Thus, solidary liability which normally serves to interrupt prescription was not shared by the co-defendants.
We find the landlord owed no duty under the circumstances and we hold the plaintiff's claim against the third party defendant prescribed in spite of the timely filing of the third party petition. Accordingly, we affirm the judgment of the Court of Appeal, 499 So.2d 458.

FACTS
Sharon Randall, the plaintiff, rented a house owned by Tony Feducia, a defendant. It is designated as 906 Andrew Street in the City of Shreveport. The residence, which was constructed many years ago, has a walkway extending to a public sidewalk. The street and the public sidewalk were paved by the city subsequent to the construction of the house and walkway. An 18-inch drop-off between the sidewalk and the walkway was created by the construction of the sidewalk. The sidewalk is within a 22 foot servitude established in favor of the City of Shreveport for public purposes.
On March 13, 1983, Sharon Randall, 29 years of age, parked her car on the street at the curb and walked on the public sidewalk where it joined the private walkway. Ms. Randall was wearing thong sandals and was carrying a package. She testified the accident occurred after dark at approximately 8:00 P.M. Ms. Randall slipped or fell at the point of the drop-off between the sidewalk and the walkway and suffered a broken ankle and knee injuries.

BACKGROUND
On February 28, 1984, Ms. Randall brought suit against her landlord, Tony Feducia, and his insurer. These defendants filed a third party demand on June 1, 1984, against the City of Shreveport. On August 31, 1984 the plaintiff amended her petition to join the City of Shreveport as a party defendant, seeking damages for the injuries sustained as a result of the March 13, 1983 accident.
The trial court absolved Mr. Feducia, the landowner, of all liability but found the City of Shreveport had breached its duty to maintain the public right-of-way in a safe manner. Ms. Randall and the City were each assigned 50% fault in the cause of the accident. The trial court determined the plaintiff's damages for pain, suffering, and permanent disability amounted to $60,000 and rendered judgment for one-half of that amount against the City as well as for the $5,754.32 representing the entire amount of the plaintiff's medical expenses.
The City appealed this judgment arguing the award was excessive and the special damages should have been reduced according to the plaintiff's degree of fault. Additionally, the City filed the peremptory exception raising the objection of prescription, based on the one-year prescription of La.Civ.Code art. 3492. The City contended prescription was not interrupted as to the City when suit was filed against the co-defendant, *1239 Mr. Feducia, because Feducia was absolved of all liability and, therefore, no solidarity existed. Ms. Randall argued the trial court erred in absolving Mr. Feducia of liability.
The Court of Appeal affirmed the trial court on the issue of Mr. Feducia's lack of liability and sustained the City's plea of prescription. These two issues were raised again before this court.

LIABILITY OF THE LANDOWNER/LANDLORD
Since the issue of the landowner's liability affects the outcome of the prescription issue, we deal first with the question of liability. The plaintiff argues the landowner, as lessor, has a duty to maintain his premises and surrounding walkways in a reasonably safe manner. She bases her assertion on Civil Code arts. 2695 and 2693. These articles are inapplicable. While these articles provide the lessor is bound to deliver the thing in good condition, free from any repairs, and guarantees the lessee against all vices and defects of the thing, the trial court and Court of Appeal were correct in deciding the duty to build and maintain the sidewalk in a safe condition rested with the City.
The Court of Appeal cited authority for the proposition that an abutting property owner is not generally responsible for repair or maintenance of public sidewalks, except where the defects in the sidewalk were caused by him. Carpenter v. State Farm, 411 So.2d 1206 (La.App. 4th Cir. 1982), writ denied, 415 So.2d 951 (La.1982); Lanclos v. Tomlinson, 351 So.2d 1218 (La. App. 3d Cir.1977), writ denied, 352 So.2d 1023 (La.1977); Youngblood v. Newspaper Production Company, 135 So.2d 620 (La. App. 2d Cir.1961).
Since the private walkway was in place when the city built the sidewalk, and the manner in which the sidewalk was built created the 18-inch drop-off, there was no showing that Mr. Feducia was involved in creating or causing the offending defect. Without the sidewalk, there was no defect. The "defect" was the 18-inch elevation of the sidewalk above an adjoining walkway intended obviously to provide the residential property with pedestrian ingress and egress. In addition, the 18-inch drop-off where the sidewalk and the walkway meet are well within the city's servitude. Therefore, the Court of Appeal correctly concluded Mr. Feducia did not breach a duty which he owed to the plaintiff and is not liable.

PRESCRIPTION
The prescription issue centers around an interpretation of La.Code Civ.P. art. 1067. Since Mr. Feducia has been absolved of liability, the plaintiff may not rely on Civil Code article 3503 which provides interruption of prescription against one solidary obligor interrupts as to all. However, the plaintiff contends since the defendant, Feducia, third partied the City within the 90-day requirement for incidental demands, as allowed by La.Code Civ.P. art 1067, the City was put on notice of the demand, and the date of her amendment, adding the City as co-defendant, is unimportant.
The plaintiff cited two cases to the Court of Appeal in support of her argument: Carona v. Radwin, 195 So.2d 465 (La.App. 4th Cir.1967), writ denied, 250 La. 639, 197 So.2d 897 (La.1967); and State Farm Mutual Automobile Insurance Company v. Farnsworth, 425 So.2d 827 (La.App. 5th Cir.1982), writ denied, 433 So.2d 150 (La. 1983). In its opinion, the Court of Appeal distinguished Carona saying in that case, unlike the present case, both the original suit and the third party demand were filed within the one year prescriptive period although the plaintiff amended to add the third party as a defendant more than a year after the accident. The court in Carona found the third party had sufficient notice of the pending suit within one year of the accident and thus had notice within the prescriptive period.
It is important to note the Fourth Circuit in cases following Carona did not find prescription interrupted where, as in the instant case, the third party demand was filed after the one year prescriptive period had run. Brady v. Bernard, 230 So.2d 413 *1240 (La.App. 4th Cir.1970); Ward v. Aucoin, 222 So.2d 628 (La.App. 4th Cir.1969).
The Court of Appeal rejected the holding in Farnsworth, supra, and based its reasoning on a law review article by Prof. Howard W. L'Enfant, Jr. L'Enfant, Louisiana Civil ProcedureRecent Developments in the Law, 1982-1983, 44 La.L.Rev. 413 (1983). Farnsworth is a case in which the relevant facts are identical to those in this case. In Farnsworth an alleged tortfeasor was sued by an original defendant over one year after the accident in a timely third party demand. The original plaintiff then amended to join the third party defendant as an additional tortfeasor. As in this case, the original defendant was absolved of liability, and the issue was whether prescription precluded the action against the sole remaining tortfeasor. The court in Farnsworth held the filing of a timely third party demand sufficiently put the party on notice of the claim, and the subsequent amending petition of the plaintiff encompassed the same claim asserted by the third party plaintiffs (the original defendants). It was reasoned prescription had not tolled, even though the third party plaintiffs (the original defendants) were absolved of all liability. The court found since the third party defendant was put on notice within the 90-day period for filing an incidental demand, he should thus be rendered amenable to suit by the original plaintiff.
Ms. Randall argues to this court the Carona case and its progeny in the Fourth Circuit were all rendered prior to the enactment of Code of Civ.P. art. 1067 and are essentially outdated since the enactment of that article. The important fact, the plaintiff alleges, is that the third party defendant received notice of the claim within the period allowed by law, that is, either within one year or within 90 days of service on the defendant of the plaintiff's original demand, even if beyond one year.
We find consistent with the purpose of article 1067 the holding that an extension of time allowed for bringing in the third party is limited to the defendant and does not allow a claim which has prescribed between the plaintiff and the third party defendant to be somehow resuscitated by the third party action. This article was designed to protect the defendant against whom suit is filed at the end or very near the end of the prescriptive period. The defendant, without the 90 days allowed by art. 1067, would be precluded by prescription from calling in a third party as warrantor or from making any other incidental demand.
Article 1067 does not open endedly extend the prescriptive period as the plaintiff suggests. Article 1067 does not, in fact, address the plaintiff's actions at all. It deals with when an "incidental demand" is barred by prescription and has nothing to do with the main demand of the plaintiff. The plaintiff's interpretation would mean an action could be brought by the plaintiff against the third party so long as the suit is ongoing between the plaintiff and the original defendant. Prescription would be extended beyond the one year set for such tort actions and would be largely open ended as to any third party defendant. It is our opinion this is not the purpose of Code of Civ.P. art. 1067.
Additionally, as the City points out in their brief, art. 1067 applies to incidental actions which would have prescribed between the time the main demand was filed and 90 days after service of the main demand. A claim for contribution or indemnity, however, may be filed as a third party demand anytime it will not impede the case, Code of Civ.P. art. 1033, or filed as a separate action once the party is cast in judgment, Code of Civ.P. art. 1113. Mr. Feducia's claim against the city was a claim for contribution or indemnity, and since a claim for contribution or indemnity does not prescribe within the time period of art. 1067, that article simply does not apply. The plaintiff's claim against the City as defendant prescribed on March 13, 1984, one year from the date of the accident.
The holding in Farnsworth, supra, is overruled. The holding in Carona, supra, is correct in that so long as both the original action and the third party action are filed within the prescriptive period, prescription *1241 is interrupted between the plaintiff and the third party defendant. If the third party is brought in after the prescriptive period has run, as in Farnsworth and as in this case, the plaintiff's action against the third party defendant has prescribed.
The judgment of the Court of Appeal is affirmed.
AFFIRMED.
DIXON, C.J., respectfully dissents.
CALOGERO and LEMMON, JJ., dissent and assign reasons.
CALOGERO, Justice, dissenting.
I respectfully dissent. We need not, in this case, reach the question of whether La. Code Civ. Proc. Ann. art. 1067 (West 1984) may be utilized to save from prescription plaintiff's claim against the City of Shreveport, for the following reason.
Defendant Feducia owed a duty to plaintiff to insure safe egress and ingress to the rented property. La. Civ. Code Ann. arts. 2693, 2695 (West 1952). The drop-off which admittedly existed between the paved sidewalk and the ground was hazardous. Feducia should have removed this hazard.
Feducia's breach of this duty (owed to plaintiff) rendered him liable in solido with the City of Shreveport. As solidary obligors, timely suit against one interrupted prescription as to the other. The plaintiff's timely suit against Feducia therefore interrupted the running of prescription against the City of Shreveport, a solidary obligor. As a result, the plaintiff's claim against the city was clearly timely, irrespective of La. Code Civ. Proc. Ann. art. 1067.
LEMMON, Justice, dissenting.
La.C.C.P. art. 1067 permits the filing of an incidental demand after the prescriptive period if the incidental demand was not barred at the time the main demand was filed. The City was properly made a defendant in the incidental demand within ninety days of the normal expiration of the prescriptive period.
The question of whether plaintiff can amend her petition to name the City as a defendant in the main demand, once the City has been properly brought into the action, is not controlled by La.C.C.P. art. 1067, but rather by La.C.C.P. art. 1153 relating to amendment of pleadings. In Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), and Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040 (La.1985), we established the guidelines for determining whether an amended petition adding a new party relates back to the date of filing of the original petition.[1] All of the guidelines are met in this case. The amended claim arose out of the same occurrence set forth in the original pleading. The new defendant, who had been brought into the suit timely as a third party defendant, received adequate notice of the institution of the suit and of the existence of the plaintiff's claim, and should not have been prejudiced in preparing and conducting its defense on the merits *1242 of the suit.[2] Finally, the new defendant in the main demand, already in the suit as a third party defendant, was not a wholly new and unrelated party, but indeed was a real party at interest in the action. 3 Moore's Federal Practice § 15.15[4-2] (1985). Accordingly, the amendment of the petitiion which added the City as a defendant in the main demand relates back to the date of filing of the original petition. The City's exception of prescription to the amended petition should be overruled.
NOTES
[1] La.Code Civ.P. art. 1067: An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
[1] The Ray decision set forth the following criteria for the relating back of an amendment which changes the name of a defendant:

"(1) the amended claim must arise out of the same occurence set forth in the original pleading; (2) the purported substitute defendant must have received such notice of the institution of the action that he will not prejudiced in maintaining a defense on the the merits; and (3) the purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper parties, the action would have been brought against him." (emphasis in original) (citations omitted)
434 So.2d at 1085. The Ray decision further noted that a new defendant may also be named after prescription has run by applying these criteria, as long as the added defendant is not entirely new and unrelated to the action.
The Giroir decision, which permitted the addition of a new plaintiff after the prescriptive period had run, listed the following criteria:
"(1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiff are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense." (citations omitted)
475 So.2d at 1044.
[2] The essence of the interruption of prescription by suit is notice. Baker v. Payne & Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980).