733 So.2d 1268 (1999)
Iris MAUMUS
v.
Vincent P. LEBLANC, Jr., Lexus of New Orleans, et al.
No. 98-CA-2422.
Court of Appeal of Louisiana, Fourth Circuit.
May 19, 1999.
*1269 William J. Levenson, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Richard Joseph Garvey, Jr., Burglass & Associates, L.L.C., Metairie, Louisiana, Counsel for Defendant/Appellant.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MIRIAM G. WALTZER and Judge PATRICIA RIVET MURRAY.
ARMSTRONG, Judge.
In this automobile personal injury case, the defendant-appellant has filed, in this court, an exception of prescription. The plaintiff-appellee has responded to that exception with a variety of arguments. Under the procedural and factual circumstances of this case, we must maintain the exception of prescription and render judgment dismissing the plaintiffs suit. Also, for reasons we will explain below, even if we were to accept the plaintiffs legal arguments, in order to overrule the exception of prescription, we would have to find the trial court's findings of fact clearly wrong/manifestly erroneous. Based upon the record below, we could not make such a finding.
Plaintiff, Iris Maumus was a guest passenger in a vehicle driven by Philip B. King. The King vehicle was involved in an intersection collision with a vehicle driven by Vincent P. Leblanc, Jr. The accident occurred on January 31, 1993. Ms. Maumus filed suit January 10, 1994, just three weeks short of the one-year prescription date. She sued Mr. Leblanc, his insurer and the owner of the Leblanc vehicle ("the Leblanc defendants").
On April 11, 1994, the Leblanc defendants filed a third-party demand against Mr. King and his insurer, Lloyd's Assurance of Louisiana. That third party demand was filed more than one year after the accident but was timely under Article 1067 of the Code of Civil Procedure because it was filed within ninety days of the service of the main demand upon the Leblanc defendants. The Leblanc defendants' third party demand was dismissed without prejudice for a time, because of the insolvency of Lloyd's Assurance, but was reinstituted.
Ms. Maumus, by an amended petition filed May 13, 1996, sued, for the first time, Mr. King, Lloyd's Assurance and the Louisiana Insurance Guaranty Association ("LIGA"). Although Ms. Maumus' amended petition was filed more than forty months after the accident, she evidently relied upon an assumption that the Leblanc defendants were joint tortfeasors/solidary obligors with Mr. King, his insurer and LIGA, so that her timely suit against the Leblanc defendants interrupted prescription as to Mr. King, his insurer and LIGA.
Ms. Maumus settled with the Leblanc defendants, reserving her rights against Mr. King and LIGA, and dismissed her suit against the Leblanc defendants. The Leblanc defendants, in turn, dismissed their third-party demand against Mr. King and Lloyd's Assurance. Ms. Maumus voluntarily dismissed her claim against Mr. King and proceeded to trial solely against LIGA. After a bench trial with respect to liability only, the trial court rendered a judgment finding Mr. King solely at fault in causing the accident. Thus, the trial court found no fault at all on the part of the Leblanc defendants. The trial court, on the record, specifically found that Mr. King had run a red light immediately prior to the intersection collision. After a stipulation as to damages, and some other proceedings, the trial court rendered judgment against LIGA for $9,900.
LIGA appealed the judgment against it. While LIGA's appeal was pending, LIGA filed an exception of prescription. LIGA's prescription exception is based upon the fact that the trial court did not find any fault of the Leblanc defendants. Thus, the Leblanc defendants, not being obligors at all, are not solidary obligors with Mr. King, his insurer and LIGA. Consequently, filing suit against the Leblanc defendants *1270 did not interrupt prescription with respect to King, his insurer and LIGA. Also, of course, Mr. King, his insurer and LIGA were not sued by the plaintiff within one year of the accident.
In response to LIGA's exception of prescription, the plaintiff filed a document captioned "Answer To Appeal or Alternatively Motion to Dismiss Appeal Based On Abandonment." It is undisputed that that document was filed later than fifteen days after the return day and the lodging of the record and is thus untimely as an answer to appeal. The parties have also filed their respective briefs on the merits.
The plaintiffs first argument on appeal is that she should be allowed an answer to appeal, by which she urges a reallocation on appeal of some of the fault for the accident at issue from Mr. King to the Leblanc defendants. Such a reallocation of fault would make the Leblanc defendants solidary obligors with King, his insurer and LIGA so that the timely suit against the Leblanc defendants would interrupt prescription against King, his insurer and LIGA.
In order for an appellee, such as the plaintiff in the present case, to have the judgment below modified, revised or reversed in part, the appellee must file an answer to appeal, stating the relief demanded, within fifteen days of the return day or the lodging of the record, whichever is later. La.Code Civ. Proc. art. 2133. The plaintiff did not timely file an answer to appeal and, therefore, cannot seek to have the judgment below modified, revised or reversed in part with respect to the allocation of fault or otherwise.
Furthermore, even if the plaintiff had timely filed an answer to appeal, seeking a reallocation of some fault to the Leblanc defendants, we would affirm the trial court's allocation of fault. The trial court's findings of fact may be disturbed upon appeal only if they are clearly wrong/manifestly erroneous. E.g., Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
We can not say that the trial court was clearly wrong/manifestly erroneous in finding Mr. King solely at fault. The trial judge made a specific finding, on the record, that Mr. Leblanc's testimony was credible and then found that Mr. King had run a red light. Mr. Leblanc also described the caution that he exercised in entering the intersection and, evidently, the trial court concluded that Mr. Leblanc exercised reasonable care under the circumstances. The fact that the Leblanc defendants settled prior to trial does not conclusively establish any fault of the Leblanc defendants. Defendants frequently settle litigation to avoid the risk of trial even if they believe that they are not at fault.
The plaintiff also argues that, even if she has not timely made an answer to appeal, we should review the factual record, independently of the trial court's judgment, to determine whether the Leblanc defendants were at fault. In other words, the plaintiff asks us to decide the exception as if there were no judgment below. This appears to us to be an impermissible end-run around the requirement for a timely answer to appeal. In any case, based upon our above discussion of the facts, and our review of the record, the allocation of all fault to Mr. King appears sound.
Next, the plaintiff argues that LIGA has abandoned its appeal. This argument is based upon the facts that LIGA initially appealed as to the merits and then, while the appeal was pending, filed an exception of prescription. However, there was nothing improper in the procedure chosen by LIGA. The filing of a peremptory exception in the court of appeals is allowed. La.Code Civ. Proc. art. 2163. There is no basis to conclude that LIGA's appeal was abandoned.
Lastly, the plaintiff argues that, because Mr. King and his insurer were sued by the Leblanc defendants' third party demand which was timely under La.Code Civ. Proc. art. 1067, the plaintiff's claim *1271 against King, his insurer and LIGA is not prescribed. This argument was rejected in Randall v. Feducia, 507 So.2d 1237 (La.1987). La.Code Civ. Proc. art. 1067 applies only to an incidental demand, such as the Leblanc defendants' third-party demand in the present case, and not to a main demand, such as the plaintiffs claims against Mr. King, his insurer and LIGA. Id.
For the foregoing reasons, we maintain the exception of prescription, vacate the judgment of the trial court and render judgment dismissing the plaintiffs claims against LIGA.
EXCEPTION OF PRESCRIPTION MAINTAINED; JUDGMENT VACATED; CASE DISMISSED.