966 So.2d 1084 (2007)
Calvin L. GORDON, Sr.
v.
LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION.
No. 2007-CA-0262.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 2007.
Rehearing Denied October 17, 2007.
*1085 Madro Bandaries, Madro Bandaries, P.L.C., Desiree M. Charbonnet, Charbonnet and Charbonnet, Gregory P. DiLeo New Orleans, LA, for Calvin Gordon, Sr.
John W. Waters, Jr., Christopher M. G'sell, Bienvenu, Foster, Ryan & O'Bannon, LLC, Randall L. Kleinman, Hulse & Wanek, New Orleans, LA, for Louisiana Citizens Property Insurance Corporation.
(Court composed of Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
TERRI F. LOVE, Judge.
This appeal arises from a request for a temporary restraining order, declaratory judgment, and injunction. Calvin Gordon, Sr. asserts that he does not owe the Louisiana Citizens Property Insurance Corporation's increased insurance policy premium for the 2007 calendar year because his insurance claims from Hurricanes Katrina and Rita have not been settled to his satisfaction. The trial court denied the temporary restraining order and granted the preliminary injunction. For the following reasons, we find that venue is not proper in Orleans Parish. Therefore, we vacate and remand for transfer to East Baton Rouge Parish, as that is the proper venue.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Calvin Gordon, Sr. ("Mr. Gordon") was insured by the Louisiana Citizens Property Insurance Corporation ("LCPIC") during Hurricanes Katrina and Rita. Mr. Gordon filed an insurance claim for damage to his property, which he estimated to be around $86,787.36.[1] LCPIC paid Mr. Gordon $19,072. Mr. Gordon's attempt to get further reimbursement from LCPIC failed. Mr. Gordon received notice of a premium rate increase for the 2006 calendar year, which he did not believe he should pay because his damage claim had not been settled to his satisfaction.
Mr. Gordon filed a petition for declaratory judgment and injunction seeking a temporary restraining order ("TRO") to prohibit the LCPIC from increasing Mr. Gordon's premium asserting that the LCPIC was insolvent. The trial court denied Mr. Gordon's TRO request and set a preliminary injunction hearing date. LCPIC filed exceptions to Mr. Gordon's petition including the exceptions of: improper venue; lack of subject matter jurisdiction; prematurity; nonjoinder of parties; lack of procedural capacity; and no right or cause of action. LCPIC then filed a counterclaim asserting it was entitled to security to indemnify it for payment of costs sustained if the trial court granted the preliminary injunction.
*1086 The trial court granted LCPIC's exceptions of no right or cause of action and lack of procedural capacity on the issue of Mr. Gordon's attempt to maintain a class action based on the allegations in his petition. The trial court denied the exceptions of improper venue, lack of subject matter jurisdiction, prematurity, and nonjoinder of parties. Further, the trial court granted Mr. Gordon's preliminary injunction and prohibited LCPIC from increasing Mr. Gordon's premium "until his claim for property damages as a result of Hurricanes Katrina and Rita have been resolved."
The LCPIC's timely appeal followed asserting that the trial court erred by finding that: 1) Orleans Parish was a proper venue; 2) it possessed subject matter jurisdiction; 3) Mr. Gordon's lawsuit was not premature; 4) Mr. Gordon has a cause of action; and 5) by issuing a preliminary injunction because Mr. Gordon "has not, and will not, suffer irreparable harm as a result of paying more premium, the surcharge for the `regular' assessment and the `emergency' assessment."

STANDARD OF REVIEW
The exception of improper venue is a question of law, which warrants a de novo review by the appellate court. Premier Dodge, L.L.C. v. Perrilloux, 05-0554, pp. 2-3 (La.App. 4 Cir. 1/25/06), 926 So.2d 576, 577, citing Crawford v. Blue Cross and Blue Shield of La., 00-2026, p. 4 (La. App. 4 Cir. 12/5/01), 814 So.2d 574, 577.

VENUE
The general venue provision applicable to residential property insurance at issue in the case sub judice provides that an action "may be brought in the parish where the loss occurred or the insured is domiciled." La. C.C.P. art 76. The trial court relied on La. C.C.P. art. 76 in determining that venue was proper in Orleans Parish. The trial court stated: "if this suit is on plaintiff's claim for property damages under the policy it would fall within the confines of this article." However, this lawsuit is not a lawsuit regarding Mr. Gordon's claim for property damages. In the case sub judice, Mr. Gordon asserts he is not required to pay the increased premium because he believes the LCPIC owes him additional money.
The LCPIC, created by La. R.S. 22:1430.2, is a non-profit corporation "whose domicile for purpose of suit shall be East Baton Rouge Parish, Louisiana." La. R.S. 22:1430.2. "The corporation shall be considered a political instrumentality of the state" and "is not and shall not be deemed a department, unit or agency of the state." La. R.S. 22:1430.17. However, the LCPIC is a political subdivision, which Louisiana law defines as "[a]ny . . . corporation . . . and other public or governmental body of any kind which is not a state agency." La. R.S. 13:5102(B)(1). As such, the proper venue is provided in La. R.S. 13:5104, which states, in pertinent part:
[a]ll suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
La. R.S. 13:5104(B). Therefore, East Baton Rouge Parish, where the LCPIC is domiciled, or the parish where the cause of action arose is the proper venue for Mr. Gordon's lawsuit regarding the payment of the increased premium.
*1087 The Louisiana Supreme Court recently held that La. R.S. 13:5104(A) superseded the general venue provisions as contained in La. C.C.P. art. 42, and 71-85. Colvin v. La. Patient's Comp. Fund Oversight Bd., 06-1104, p. 1 (La.1/17/07), 947 So.2d 15, 16. As noted above, La. R.S. 13:5104(B) contains the word "shall," which makes the provision mandatory with "no other venue provisions or exceptions" available as opposed to La. R.S. 13:5104(A), which states "may." Id. at p. 4, 947 So.2d at 19.
Although, Colvin discusses La. R.S. 13:5104(A) regarding state agencies, we find the Louisiana Supreme Court's discussion of determining where a cause of action arises analogous to the same examination regarding political subdivisions pursuant to La. R.S. 13:5104(B). Colvin adopted the test that the cause of action arises in the place "where the operative facts occurred which support plaintiff's entitlement to recovery." 06-1104, p. 13, 947 So.2d at 24, quoting Avenal v. State, Dep't of Natural Res., 95-0836 (La.App. 4 Cir. 11/30/95), 668 So.2d 1150, 1151. Further, the Louisiana Supreme Court noted that "several courts have held that where a state agency's ministerial or administrative actions are called into question, East Baton Rouge offers the only appropriate forum. . . ." Colvin, 06-1104, p. 14, 947 So.2d at 24.
The Rating Commission issued decisions regarding Mr. Gordon's premium in East Baton Rouge Parish. The administrative action of increasing the LCPIC's premiums occurred in East Baton Rouge Parish. The Department of Insurance, the Rating Commission, and the Louisiana State Bond Commission, which certify, verify, and approve assessments of insurance bonds, are located in East Baton Rouge Parish. Considering the activities involved in increasing Mr. Gordon's premium, which his petition asserts he does not have to pay, all occurred in East Baton Rouge Parish, we find that Mr. Gordon's cause of action arose in East Baton Rouge Parish. Therefore, because the domicile of the LCPIC is East Baton Rouge Parish and Mr. Gordon's cause of action arose in East Baton Rouge Parish, we find that the proper venue is East Baton Rouge Parish.

REMAINING ASSIGNMENTS OF ERROR
We pretermit the discussion of the LCPIC's remaining assignments of error, as we find that East Baton Rouge Parish is the proper venue.

DECREE
We find that East Baton Rouge Parish is the proper venue in the case sub judice; therefore, we vacate and remand for transfer to the court of proper venue.
VACATED AND REMANDED.
NOTES
[1] The petition states that the estimated damages were $86,787.36. However, Mr. Gordon's affidavit states that his damages included $67,715.36, not including around $10,000 for living expenses and contents.