978 So.2d 1022 (2008)
Joseph H. HAMMELL and Melissa M. Hammell
v.
GICILI, A Louisiana Partnership in Commendam.
No. 2007-CA-0867.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 2008.
*1023 James E. Uschold, James E. Uschold, PLC, New Orleans, LA, for Plaintiffs/Appellants.
James F. Ryan, Donavan & Lawler, Metairie, LA, for Appellee (The Goodyear Tire and Rubber Company).
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
MICHAEL E. KIRBY, Judge.
In this appeal, plaintiffs, Joseph and Melissa Hammell, seek review of the trial court judgment sustaining the exception of prescription filed by the defendant, Goodyear Tire and Rubber Company (Goodyear). For the reasons which follow, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
Joseph Hammell (Hammell) received injuries when he was knocked off a ladder while attempting to reattach a garage door cable to the cable guide on March 16, 2001. Hammell filed a worker's compensation claim against his employer, Goodyear Auto and Truck (A & T) and Chailland Business Consultants, on July 9, 2001. The parties entered into a settlement which was approved by the Worker's Compensation Judge on February 19, 2002.
Joseph and Melissa Hammell filed a suit against GICILI on March 13, 2002. GICILI owned the premises where Hammell was injured. GICILI filed a third party demand against Goodyear and A & T on June 17, 2002. GICILI leased the premises to Goodyear, who in turn sub-leased the premises to A & T. Plaintiffs amended their petition to add Goodyear as a defendant on April 28, 2004.
Goodyear filed the peremptory exception of prescription on November 15, 2006. The trial court entered judgment sustaining the exception of prescription on April 17, 2007.
*1024 STANDARD OF REVIEW
In Parker v. B & K Const. Co., Inc., XXXX-XXXX, p. 2 (La.App. 4 Cir. 6/27/07), 962 So.2d 484, 485, this Court stated "in reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court's finding of fact was manifestly erroneous." Citing Katz v. Allstate Ins. Co., 04-1133, p. 2 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, 444.
Additionally, prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. Hodges v. Republic Western Ins. Co., XXXX-XXXX, p. 3 (La.App. 4 Cir. 12/14/05), 921 So.2d 175, 177. The defendant has the burden of pleading and proving prescription. "However, when the plaintiff's claim is prescribed on the face of the petition, the burden shifts to the plaintiff to negate prescription by establishing a suspension or interruption." Id. at pp. 3-4, 921 So.2d at 178.
DISCUSSION
In this instance, Hammell received injuries on March 16, 2001. Hammell filed an amended petition naming Goodyear as a defendant on April 28, 2004. A tort action is subject to a prescriptive period of one year from the date the injury is sustained. La. C.C. art. 3492. Hence, on its face, the amended petition is prescribed and the burden shifts to the plaintiffs to negate prescription by establishing a suspension or interruption.
The plaintiffs first argue that a plaintiff may file a demand naming as defendant a party brought into the litigation via a third party demand at any time. The plaintiffs cite this Court's holding in Carona v. Radwin, 195 So.2d 465 (La.App. 4 Cir.1967) and La. C.C.P. art. 1111 in support of their argument. In Carona, the defendant filed a third party demand against an alleged tortfeasor, alleging that the injuries suffered by plaintiff were caused by the joint and concurrent negligence of the third party plaintiff and the third party defendant. The Carona plaintiff filed a supplemental and amending petition, adding a claim against the third party defendant. This Court reversed the trial court's sustaining an exception of prescription, noting that both the original petition and the third party demand were both filed within one year of the accident at issue. Therefore, the third party defendant had sufficient notice of the pending suit within the one year of the accident at issue.
Conversely, in this instance, the third party demand was not filed within one year of the accident at issue. Hence, Carona is not controlling.
Plaintiffs allege La. C.C.P. art. 1111 means that a "timely filed third party demand interrupts prescription as to all of the plaintiff's claims arising out of or connected to the principal demand, even if the claims would have been prescribed if the third party demand had not been filed." Further, plaintiffs aver that the right of the plaintiffs to assert such claims under La. C.C.P. art. 1111 is "absolute".
La. C.C.P. art. 1111 grants a defendant in the principal action to bring in any person who is his warrantor, or who is or who may be liable to him for all or part of the principal demand. Further, the statute provides that in such cases, the plaintiff may assert any demand against the third party defendant arising out of or connected with the principal demand. However, La. C.C.P. art. 1067 allows the defendant to file an incidental or third party demand only within the original prescriptive period or within ninety days of service of the main demand.
In the case sub judice, the filing of the worker's compensation claim interrupted prescription as it was timely filed on July *1025 9, 2001. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue within the prescriptive period continues as long as the suit is pending. La. C.C. art. 3463. The interruption lasted until the transaction and compromise reached by the parties was approved by the court in its judgment dated February 19, 2002. At that time, prescription began to run anew. Dark v. Marshall, 41,711 (La.App. 2 Cir. 12/13/06), 945 So.2d 246; Pierce v. Foster Wheeler Constructors, Inc., XXXX-XXXX (La. App. 1 Cir. 2/16/05), 906 So.2d 605. Hence, plaintiffs received another one year period, or until February 19, 2003, in which to commence an action against any other tortfeasor.
In Randall v. Feducia, 507 So.2d 1237 (La.1987), the Supreme Court faced the issue of whether a plaintiff may proceed against a third party defendant who is not solidarily liable[1] when the third party demand was filed within the time period provided by La. C.C.P. art. 1067. The Randall court declined to allow a plaintiff to resuscitate a prescribed action by the filing of a timely third party demand pursuant to La. C.C.P. art. 1067. The court noted that La. C.C.P. art. 1067 is for the benefit of the defendant against whom a suit is filed at or near the end of the prescriptive period.
Plaintiffs argue the Supreme Court explicitly disapproved of substantial portions of Randall in Moore v. Gencorp, Inc., 93-0814 (La.3/22/94), 633 So.2d 1268. However, the Moore opinion clearly states "We expressly disapprove of the reasoning of . . . the dicta of Randall v. Feducia." Id., 633 So.2d at 1271 (emphasis supplied). At no time did the Moore court overrule any portion of Randall, much less explicitly disapprove of substantial portions. Further, Moore dealt with a petition of intervention filed within the time period provided by La. C.C.P. art. 1067. The facts presented herein are not analogous.
This Court followed the reasoning of Randall in Maumus v. Leblanc, 1998-2422 (La.App. 4 Cir. 5/19/99), 733 So.2d 1268. Therein, the third party plaintiff timely filed a third party demand. More than two years after the filing of the third party demand, the plaintiff sought to amend and add the third party defendant to plaintiff's claim. This Court found the claim asserted in the amended petition prescribed and maintained the exception of prescription.
Similar to Maumus, the plaintiffs waited until nearly two years after the filing of the third party demand, and more than one year after the passing of the new prescriptive date, February 19, 2003, to amend its petition to add Goodyear. Plaintiffs possessed eight months to amend their petition after being put on notice of Goodyear's existence and potential liability and failed to do so. No court has held that La. C.C.P. art. 1111 grants a plaintiff an absolute right to file at any time an amended petition naming a third party defendant and we decline to do so.
Lastly, plaintiffs argue the amended petition relates back to the filing of the original petition pursuant to La. C.C.P. art. 1153. La. C.C.P. art. 1153 provides that an amended petition relates back to the filing of the original petition when the action asserted in the amended petition arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. To *1026 determine whether an amendment which changes the identity of a defendant will be allowed to relate back under La. C.C.P. art. 1153, the Louisiana Supreme Court developed the following four-part test:
(1) the amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) the purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) the purported substitute defendant must know that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and
(4) the purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La.1983); Hodges v. Republic Western Ins. Co., XXXX-XXXX, p. 4 (La.App. 4 Cir. 12/14/05), 921 So.2d 175, 178. Applying these criteria, the plaintiff's amended petition, substituting Alexandria Mall Company, a partnership, for the Alexandria Mall, a corporation, related back as the substitute defendant was not a wholly new and unrelated defendant. Ray, 434 So.2d at 1087.
Applying these criteria to the facts of this case, we find that the amended claim arose out of the same transaction or occurrence set forth in the original pleading. Both involved a claim for damages sustained when Hammell received injuries on March 16, 2001. Goodyear received notice of the institution of an action when GICILI filed a third party demand against Goodyear. However, the third and fourth prongs of the Ray test must be answered negatively. Plaintiffs argue that Court's finding[2] of a lack of liability against GICILI proves that plaintiffs made a mistake when it named GICILI as defendant rather than Goodyear. Particularly, plaintiffs argue a mistake based on lack of information regarding the relationship between GICILI and Goodyear as lessor and lessee. GICILI filed a third party demand on June 17, 2002, eight months before the end of the new prescriptive period, outlining in great detail the relationship between GICILI and Goodyear as lessor and lessee. Goodyear is a wholly new and unrelated defendant. Plaintiffs' only mistake was in failing to utilize the information contained in the third party demand in a timely fashion.
After reviewing the record, we conclude the trial court's finding of fact was not manifestly erroneous.
CONCLUSION
Accordingly, for the reasons stated herein, the judgment of the trial court sustaining the exception of prescription is affirmed.
AFFIRMED.
NOTES
[1] Plaintiffs' petition does not allege joint or solidary liability between GICILI and Goodyear, and Plaintiffs do not argue application of the codal provisions relative to joint or solidary obligors. Hence, we decline to address the appellee's argument relative to solidary obligors.
[2] This Court reversed the trial court's denial of GICILI's motion for summary judgment, finding plaintiff failed to put forth evidence of GICILI's liability. Hammell v. GICILI, unpub., XXXX-XXXX (La.App. 4 Cir. 8/12/05), writ denied, 2005-2416 (La.3/24/06), 925 So.2d 1236.