994 So.2d 701 (2008)
Michael T. GREEN
v.
AUTO CLUB GROUP INSURANCE COMPANY, et al.
No. 2007-C-1468.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 2008.
Rehearing Denied November 12, 2008.
*702 Wayne H. Carlton, Jr., Bendana, Carlton & Sharp, New Orleans, LA, for Michael T. Green.
Gregory F. Rouchell, Adams and Reese LLP, New Orleans, LA, for Auto Club Group Insurance Company and Mary Plangger.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD).
TERRI F. LOVE, Judge.
This matter arises from a supervisory writ remanded by the Louisiana Supreme Court for briefing, oral argument, and opinion. Mary Plangger struck Michael Green's automobile from behind, in St. John the Baptist Parish, causing property damage and personal injury. Michael Green filed suit in Orleans Parish, his domicile, against Mary Plangger and her insurer, Auto Club Group Insurance Company. However, he did not serve the parties within a year of the accident. Mary Plangger and Auto Club Group Insurance Company filed exceptions of improper venue and prescription, which the trial court denied. We find that the trial court incorrectly found that Orleans Parish was a *703 proper venue and reverse. Thus, as the parties were not served within a year and the suit was not filed within a court of competent venue, the suit has prescribed.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
The automobile driven by Mary Plangger ("Ms. Plangger"), a resident of Michigan, allegedly struck Michael Green's ("Mr. Green") automobile from behind causing property damage and personal injury on December 16, 2005, in St. John the Baptist Parish. Mr. Green, a domiciliary of Orleans Parish, filed a petition for damages in Orleans Parish against Ms. Plangger and her insurer, Auto Club Group Insurance Company ("Auto"), a foreign insurance company unauthorized to do business in Louisiana, on December 13, 2006.
Mr. Green attempted to serve Ms. Plangger and Auto via certified mail pursuant to the Louisiana Long Arm Statute, La. R.S. 13:3204, on January 2, 2007. Auto filed exceptions of insufficiency of service of process and improper venue. Following continuances on Auto's exceptions, Mr. Green confected service on both Ms. Plangger and Auto pursuant to La. R.S. 13:3474, Louisiana' non-resident motorist statute.
Ms. Plangger and Auto then filed a declinatory exception of improper venue and a peremptory exception of prescription. The trial court denied both exceptions. Ms. Plangger and Auto sought supervisory review of the judgment denying the exceptions. This Court denied the writ. Ms. Plangger and Auto then sought review from the Louisiana Supreme Court, which granted the writ and remanded the matter to this Court for briefing, oral argument, and opinion.

STANDARD OF REVIEW
Appellate courts review the declinatory exception of improper venue using the de novo standard of review because the exception presents a legal question. Gordon v. Louisiana Citizens Prop. Ins. Corp., 07-0262, p. 3 (La.App. 4 Cir. 9/12/07), 966 So.2d 1084, 1086. The trial court's findings of fact relative to a peremptory exception of prescription are reviewed with the manifestly erroneous standard. Hammell v. GICILI, 07-0867, p. 2 (La.App. 4 Cir. 2/13/08), 978 So.2d 1022, 1024. "Thus, if two permissible views of the evidence exist, the factfinder cannot be manifestly erroneous or clearly wrong." Williams v. Parish of St. Bernard, 07-1316, p. 9 (La.App. 4 Cir. 5/28/08), 984 So.2d 937, 943, (citing, Rosell v. ESCO, 549 So.2d 840, 844 (La.1989)). Prescription is strictly construed against the mover. Hammell, 07-0867, p. 2, 978 So.2d at 1024.

VENUE
Ms. Plangger and Auto assert that the trial court committed legal error in denying their exception of improper venue because Orleans Parish is an improper venue pursuant to La. R.S. 22:655.
Louisiana's Direct Action Statute ("DAS"), La. R.S. 22:655, provides, in pertinent part:
B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only....
*704 As the DAS states that venue is proper only under the rules "prescribed by" La. C.C.P. art. 42, the statute provides:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.
(2) A domestic corporation, a domestic insurer, or a domestic limited liability company shall be brought in the parish where its registered office is located.
(3) A domestic partnership, or a domestic unincorporated association, shall be brought in the parish where its principal business establishment is located.
(4) A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its primary business office is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located.
(5) A foreign corporation or a foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in the parish of the plaintiff's domicile or in a parish where the process may be, and subsequently is, served on the defendant.
(6) A nonresident, other than a foreign corporation or a foreign or alien insurer, who has appointed an agent for the service of process in the manner provided by law, shall be brought in the parish of the designated post office address of an agent for the service of process.
(7) A foreign or alien insurer shall be brought in the parish of East Baton Rouge.
Accordingly, venue in the case sub judice is proper in East Baton Rouge Parish, as to Auto as a foreign insurer, and St. John the Baptist Parish, where the accident occurred.
The DAS seems exclusive as to venue. However, Mr. Green avers that the plaintiff's domicile, Orleans Parish, is a proper venue pursuant to La. C.C.P. art. 73, which states, in pertinent part:
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
La. C.C.P. art. 76 also permits a suit to be filed in the parish where the loss occurred or the insured's domicile. While, La. R.S. 13:3203, part of Louisiana's Long Arm Statute, provides that venue is proper in the plaintiff's domicile or any other appropriate venue.
This Court held that the 1989 legislative amendment to La. R.S. 22:655(B), which added the word "only," overruled Kellis v. Farber, 523 So.2d 843 (La.1988).[1] In Boatwright v. Metro. Life Ins. Co., 95-2473 and 95-2525 (La.App. 4 Cir. 3/27/96), 671 So.2d 553, 556, this Court held that the DAS is not subject to the venue provisions contained in La. C.C.P. art. 71 through La. *705 C.C.P. art. 85. Thus, the usage of La. C.C.P. art. 73 requires an exception to the DAS and Boatwright.
This Court has recognized an exception to the DAS and Boatwright when the plaintiff's uninsured motorist ("UM") carrier is included as a defendant. Gaspard v. Louisiana Farm Bureau Ins. Co., 96-2148 (La.App. 4 Cir. 11/6/96), 684 So.2d 55, 58. Including the UM carrier of the plaintiff ensures that the plaintiff's domicile is a proper venue choice because the plaintiff is the "insured." Id.
We find the case sub judice distinguishable. Mr. Green did not include his UM carrier as a defendant. Therefore, because the DAS only involves the provisions of La. C.C.P. art. 42, we find this argument is without merit.
Additionally, Mr. Green asserts that Orleans Parish is also a proper venue, as his domicile, pursuant to La. C.C.P. art. 42(5). He avers that Ms. Plangger never appointed an agent for service of process "in the manner provided by law" in Louisiana. La. C.C.P. art. 42(5). However, Louisiana's non-resident motorist statute, La. R.S. 13:3474, reads:
The acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of Louisiana, or the operation by a non-resident or his authorized agent, employee or person for whom he is legally responsible of a motor vehicle within the state of Louisiana, shall be deemed equivalent to an appointment by such non-resident of the secretary of state of Louisiana or his successor in office, to be his true and lawful attorney for service of process, as well as the attorney for service of process of the public liability and property damage insurer of the vehicle, if such insurer be a non-resident not authorized to do business in the state, upon whom or such insurer, may be served all lawful process in any action or proceeding against the non-resident, or such insurer, growing out of any accident or collision in which the non-resident may be involved while operating a motor vehicle in this state, or while same is operated by his authorized agent or employee. In the event of the death of such non-resident before service of process upon him, any action or proceeding growing out of such accident or collision may be instituted against the executors or administrators of such deceased non-resident, if there be such, and if not, then against his heirs or legatees, and service may be made upon them as provided in R.S. 13:3475. Process against the defendant or defendants, the non-resident, his executors or administrators, if there be such, and if not, then against his heirs or legatees, or the liability insurer of such vehicle, as the case may be, shall be of the same legal force and validity as if served upon such defendant personally.
Ms. Plangger was a non-resident driver who did not personally appoint an agent for service of process in Louisiana. As such, La. R.S. 13:3474 designates the Louisiana Secretary of State as her attorney for service of process in regards to actions stemming from an accident in Louisiana.
La. C.C.P. art. 42(5) provides that an action against "a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in the parish of the plaintiff's domicile...." (Emphasis added). Louisiana law defines an agent for the service of process as "the agent designated by a person or by law to receive service of process in actions and proceedings brought against him in the courts in this state." La. C.C.P. art. 5251(2). An agent or mandate, *706 can be appointed without a particular form. La. C.C. art. 2993. Thus, an agent can be appointed by operation of law, by juridical act, or with a contract.
In the case sub judice, Ms. Plangger's agent for service of process was appointed by operation of law and in a manner provided by law pursuant to La. R.S. 13:3474. Thus, La. C.C.P. art. 42(5) is inapplicable. Accordingly, the two proper venues are St. John the Baptist Parish, where the accident occurred, and East Baton Rouge Parish, the proper venue for a foreign insurer. We find that the trial court committed legal error in denying the exception of improper venue and reverse.

PRESCRIPTION
Having found that the trial court improperly denied Ms. Plangger and Auto's exception of improper venue, we must now address whether the action has prescribed.
Delictual actions are subject to a one year liberative prescription beginning from the date of the injury or damage. La. C.C. art. 3492. Prescription is interrupted "when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." La. C.C. art. 3462. However, if the "action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." La. C.C. art. 3462.
We found that the action in this case was commenced in an improper venue. Also, the record demonstrates that Mr. Green did not attempt service upon Ms. Plangger and Auto until after the expiration of the one year prescriptive period. We find that the trial court erred in denying Ms. Plangger and Auto's exception of prescription, as the action had prescribed prior to the confection of service, and reverse. The exceptions of improper venue and prescription are granted.

DECREE
For the above mentioned reasons, we find that the trial court erred in denying Ms. Plangger and Auto's exceptions of improper venue and prescription. Therefore, we grant the writ, reverse the trial court, and render.
WRIT GRANTED; REVERSED AND RENDERED.
NOTES
[1] The Louisiana Supreme Court, in Kellis, found that the DAS was subject the venue provisions contained in La. C.C.P. art. 71 to La. C.C.P. art. 85.