DENNIS R. BAGNERIS, SR., Judge.
11 Transport Service Co. of Illinois, Dan Davis, and Protective Insurance Company (hereinafter collectively referred to as “Transport”), defendants/appellants herein, appeal from a district court judgment, which denied its peremptory exception of prescription and made a determination of liability and causation in favor of plaintiffs who claimed to be injured by an alleged chemical spill in August 2002. After reviewing the record and applicable law, we hereby affirm the denial of Transport’s peremptory exception of prescription, we reverse the district court’s determination of causation by applying the Housley presumption, and we remand the matter to the district court for further proceedings.
On August 7, 2002, Transport Service Co. of Illinois’ driver, Don Davis, hauled a load of spent caustic in a tank on a tractor/trailer from a Marathon Oil Company refinery in Illinois to Harvey, Louisiana. The entire product was pressure off-loaded at Delta Terminal, which had purchased the spent caustic from Marathon. Only residue remained in the tank. Mr. Davis then drove the traetor/trailer to Leonidas Street in New Orleans so that he could eat dinner with his parents. While Mr. Davis was eating dinner, a hissing sound was emitted from |2the top of the tractor/trailer’s dome area. Neighbors who heard the hissing sound called the police. The police arrived and did not deem an evacuation necessary.
The first lawsuit was filed on August 7, 2003, by Shirley Fulford et al. in the Civil District Court for the Parish of Orleans as a class action; a second lawsuit, also a class action, was also filed on August 7, 2003, in Civil District Court by Yolanda Abram (collectively referred to the “Ful-ford/Abram plaintiffs”).
Transport timely removed the Fulford and Abram lawsuits to the United States District Court for the Eastern District of Louisiana; the two suits were consolidated. Following a hearing, the plaintiffs’ motion for class certification was denied on June 1, 2004, with the order entered into the record on the same day. The Ful-ford/Abram plaintiffs filed a motion for reconsideration that was denied. The Ful-ford/Abram plaintiffs appealed to the United States Fifth Circuit, but subsequently dismissed their appeal.
Ms. Smith, Mr. Porter, and Mr. Dixon filed this current lawsuit on June 8, 2004, making the same class action allegations as contained in the Fulford/Abram lawsuits. *489 On September 20, 2004, the trial court granted the defendants’ declinatory exception of lis pendens and, pursuant to La. C.C.P. art. 532, stayed the class action claims pending resolution of the federal actions. The trial court also ruled that Ms. Smith, Mr. Porter, and Mr. Dixon could proceed forward with their individual actions against Transport. As to other individuals not named in the lawsuit, the trial court ruled that they had thirty days from the judgment to file their individual actions but that the judgment did not affect any prescriptive periods that had already accrued.
|sOn October 4, 2004, plaintiffs filed an “Amended Petition” seeking to add five hundred new plaintiffs to the case. The trial court signed an order allowing them to become parties-plaintiffs in the lawsuit of Ms. Smith, Mr. Porter, and Mr. Dixon.
Transport filed a peremptory exception of prescription on December 1, 2004, contending that the claims of the five hundred new plaintiffs had prescribed. On February 11, 2005, the trial court denied the exception of prescription. In the written reasons for judgment, the trial court stated that the earlier filed class actions interrupted prescription for the five hundred new plaintiffs.[1] After these rulings, the parties agreed to bifurcate the issues of liability and damages, agreeing to first try only the issues of liability and general causation. In early December 2009, the trial court tried the limited issues of liability and general causation, at which eleven plaintiffs testified. In a March 12, 2010 judgment, the trial court relied on the Housley presumption[2] and found that: “(1) Defendants were at fault in causing the August 7, 2002 chemical release; (2) Plaintiffs suffered damages as a result of defendants’ fault; (3) the chemicals released were capable of causing, and did cause, damage to the plaintiffs; and (4) Defendants are liable for all proved ^damages caused by the August 7, 2002 chemical release.” Based on the wording of the judgment, it appears that the trial court did not limit its findings to just general causation, as had been previously agreed to, but also ruled on specific causation for all plaintiffs, even though the vast majority of the plaintiffs did not testify at trial or submit any evidence to support their individual claims.
Transport filed a motion for new trial, which was denied. It then filed a timely petition for a devolutive appeal, which was granted. The plaintiffs sought to have the March 12, 2010 judgment designated as final pursuant to La. C.C.P. art. 1915, which motion was also granted.
Transport has assigned five errors for review:
1. The trial court erred by applying the old class action laws to this case when the newer class action laws govern this action;
2. The trial court erred by not applying the last enacted statute when determining whether the exception of prescription should be granted or denied;
*490 3. The trial court erred when it did not find that the thirty days afforded by La. C.C.P. art. 596 began to run when the federal court order denying class certification was entered into the record;
4. The trial court erred in holding that the Housley v. Cerise, 579 So.2d 973 (La.1991) applied to this case to satisfy each plaintiffs burden of proof on causation;
5. The trial court erred in finding that causation was proven as to all plaintiffs when only eleven of the over five hundred plaintiffs actually testified at trial.

PRESCRIPTION IN THE CONTEXT OF LA. C.C.P. ART. 596

The first issue we address is prescription, which encompasses the first three errors assigned above. Appellate courts review the peremptory exception of prescription using the manifestly erroneous standard of review. Boykins v. Boykins, 07-0542, p. 3 (La.App. 4 Cir. 4/30/08), 984 So.2d 181, 184. If a review |5of the entire record demonstrates that the trial court’s factual findings were reasonable, the appellate court must affirm. Hammett v. GICILI, 07-0867, p. 2 (La.App. 4 Cir. 2/13/08), 978 So.2d 1022, 1024; Brumfield v. McElwee, 07-0548, p. 4 (La.App. 4 Cir. 1/16/08), 976 So.2d 234, 238.
Prescription statutes require strict construction in favor of upholding the obligation sought to be extinguished. Boykins, 07-0542, p. 4, 984 So.2d at 184. The burden of proving prescription remains with the mover. Brumfield, 07-0548, p. 4, 976 So.2d at 238. However, when the plaintiffs claim appears prescribed, the plaintiff must prove suspension or interruption of prescription. Hammell, 07-0867, p. 2, 978 So.2d at 1024.
In its written reasons for judgment, the trial court stated:
Pursuant to La. C.C.P. art. 596, the prescriptive period of Class Action Suits is as follows:
... Prescription which has been suspended ... begins to run:
[[Image here]]
(3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class ... or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.
Pursuant to the Louisiana Civil Code, prescription runs against all persons, unless an exception is established by legislation. La. C.C. art. 3467. The class actions in this matter were filed on August 7, 2003. An interruption of prescription from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. La. C.C. art. 3463.
Both the Fulford and Abram lawsuits are still pending in District Court. Thus, there has been a continuous interruption of prescription, which remained | ^suspended following the order of Judge Berrigan’s denial of the class certification. La. C.C.P. art. 596(3) provides that prescription remains suspended upon the filing of a class action until thirty (30) days after the putative class members are notified that a court has denied class certification. Therefore, the amended petition adding new plaintiffs was timely filed.
Transport argues that the trial court erred by failing to apply La. C.C.P. art. 596 to the issue of prescription; instead the court applied La. C.C. art. 3462, the earlier and more general statute. It argues that in this case, prescription was *491 suspended and not interrupted. Transport contends that prescription began to run again on June 1, 2004, when the United States District Court entered the order denying class certification to the Ful-ford/Abram plaintiffs. Because the lawsuits were filed on the last day before prescription had run, all members had to be joined within the thirty-day window provided by subsection (3) of article 596. Thus, Transport argues that the claims of the five hundred plaintiffs added to the lawsuit on October 4, 2004 have prescribed.
Conversely, the plaintiffs assert that the thirty-day period began to run for putative class members on September 7, 2004, when notice was mailed to the putative class members and/or on September 19-24, 2004, when notice was published in the local newspaper. Therefore, they contend that the addition of the five hundred claimants on October 4, 2004, was timely.
A class action petition suspends prescription. Eastin v. Entergy Corp., 07-212, p. 12 (La.App. 5 Cir. 10/16/07), 971 So.2d 374, 381. Specifically, La. C.C.P. article 596 provides:
Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or | described therein. Prescription which has been suspended as provided herein, begins to run again:
(1) As to any person electing to be excluded from the class, thirty days from the submission of that person’s election form;
(2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
(3)As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.
The trial court referred to an “interruption” based on La. C.C. art. 3463, rather than a suspension based on La. C.C.P. art. 596. However, the trial court relied on the correct statute (article 596), holding that the plaintiffs had thirty days from notice to join the lawsuit of Ms. Smith, Mr. Porter, and Mr. Dixon.
In this case, the Fulford/Abram class actions were filed within one year of the incident, on August 7, 2003 and were removed to federal court. After the motion for class certification was denied on June 1, 2004, plaintiffs appealed this June 1, 2004 ruling, but were not successful. Plaintiffs, Ms. Smith, Mr. Porter, and Mr. Dixon, filed suit on June 8, 2004. However, the first notice to the putative class members of the denial of class certification, complying with La. C.C.P. art. 596(3), was on September 7, 2004 (when notice was mailed to the putative class members) and on September 19-24, 2004 (when notice was published in the New Orleans Times Picayune). Pursuant to La. C.C.P. art. 596, the liberative prescription that was suspended with the filing of the class action petition, commenced to run again thirty (30) days “after publication of notice” to the putative class members, or on October 7, 2004. See Taranto v. Louisiana Citizens Property Ins. Corp., 2010-0105 (La.3/15/11), 62 So.3d 721. After a hearing on Transport’s exception of lis pendens, the trial court ruled on Septem *492 ber 20, 2004, that the plaintiffs were allowed to proceed forward individually as plaintiffs in the matter and further stated:
... plaintiffs have 30 days from the date of the signing of this Judgment, within which to amend their pleadings to add additional plaintiffs to this lawsuit, which additions will not affect or extend any prescriptive periods that have already run as to any new plaintiffs, with defendants reserving all available defenses and exceptions.
The trial court’s September 20, 2004 judgment allowed the plaintiffs to amend their pleading, naming additional plaintiffs before October 29, 2004; thus, the filing of the amended petition on October 4, 2004 was within the 30 days allowed by La. C.C.P. art. 596(3) and was also filed within the 30 days provided by the September 20, 2004 trial court judgment.
Transport cites to Smith v. Cutter Biological, 99-2068 (La.App. 4 Cir. 9/6/00), 770 So.2d 392, for the proposition that the entry of an order by a federal judge provides sufficient notice to trigger the running of the suspended prescriptive period that denies class certification; however, as Transport correctly points out, this case was decided by applying the pre-1997 class action statutes, prior to the enactment of La. C.C.P. art. 596 and thus, does not take into effect La. C.C.P. art. 596(3) which requires “mailing or other delivery or publication of a notice to the class that the action has been dismissed ... or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.” Accordingly, we hereby affirm the district court’s ruling, which denied Transport’s exception of prescription.

\:iTHE “HOUSLEY” PRESUMPTION

We now turn to the trial court’s application of the Housley presumption to create a presumption of causation. After hearing the testimony of eleven of the five hundred plaintiffs, the trial court applied a presumption of causation made applicable to negligence cases in Housley v. Cerise, 579 So.2d 973 (La.1991).[3] In Housley, the Supreme Court stated:
In Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977), this Court stated:
[a] claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves after-wards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
*493 Id. at 596. See also, Simpson v. Caddo Parish School Board, 540 So.2d 997 (La.App. 2nd Cir.1989); Petersen v. State Farm Auto. Insurance Company, 543 So.2d 109 (La.App. 3rd Cir.1989); Wisner v. Illinois Central Gulf Railroad, 537 So.2d 740 (La.App. 1st Cir.1988).
Id. at 980.
The record is devoid of any medical evidence submitted by plaintiffs to show a “reasonable possibility of causal connection between the accident and [plaintiffs’] disabling condition.” Because of this, we find Housley inapplicable to the case before us and remand this matter to the court below for further proceedings. In doing so, we reverse the trial court’s determination of causation in favor of plaintiffs.

CONCLUSION

Based on the foregoing, we hereby affirm the denial of Transport’s peremptory exception of prescription, we reverse the district court’s determination of causation by applying the Housley presumption, and we remand the matter to the district court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED
TOBIAS, J., concurs in part, dissents in part, and assigns reasons.

. Supervisory writs filed with this Court and the Louisiana Supreme Court were denied.

. In Housley v. Cerise, 579 So.2d 973, 980 (La.1991), the court stated:
[A] claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
This test has subsequently been called the "Housley ” presumption.

. Before Housley, this presumption of causation had only been applied in workers’ compensation cases. In his concurrence in Detraz v. Lee, 05-1263, pp. 1-2 (La. 1/17/07), 950 So.2d 557, 567-68, Justice Victory stated:
In my view, this Court erred in Housley v. Cerise, 579 So.2d 973 (La.1991), by applying this presumption to aid plaintiff in an ordinary negligence case. The Housley court did so without discussing the fact that the presumption had never been applied by this Court in a non-worker's [sic] compensation case. Housley erred in this regard because in negligence cases, plaintiff has the burden of proving causation, as well as all the other elements of his case. Fowler v. Roberts, 556 So.2d 1 (La.1989). The use of this presumption in an ordinary negligence case impermissibly shifts the burden of proof to the defendant to show that some other particular incident caused the injury. This Court has erred twice since Housley by applying the presumption in ordinary negligence cases. See Dabog v. Deris, 625 So.2d 492, 494 (La.1993) and Maranto v. Goodyear Tire & Rubber Co., 94-2603 (La.2/20/95), 650 So.2d 757, 761 (Victory, J., not on panel).