# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #035

FROM: CLERK OF SUPREME COURT OF LOUISIANA


The Opinions handed down on the **1st day of July, 2014**, are as follows:


**BY KNOLL, J.**:


2013-CC-2788        TENESHA SMITH, ET AL. v. TRANSPORT SERVICES COMPANY OF ILLINOIS,
                    ET AL. (Parish of Orleans)

                    Accordingly, we reverse the judgment of the Court of Appeal and
                    overrule defendants' exception of prescription.  This is remanded
                    to the District Court for further proceedings.

                    VICTORY, J., dissents for the reasons assigned by Justice Weimer.
                    WEIMER, J., dissents and assigns reasons.
                    GUIDRY, J., dissents and assigns reasons.

## SUPREME COURT OF LOUISIANA

## NO. 2013-CC-2788

## TENESHA SMITH, ET AL.

## VERSUS

## TRANSPORT SERVICES COMPANY OF ILLINOIS, ET AL.

## ON SUPERVISORY WRITS TO THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

**KNOLL, J.**

This procedurally complex writ concerns the tolling of prescription in a class action entitled *Fulford v. Transport Services Co.*[1] (*Fulford/Abram*), filed in Louisiana state court, then removed to federal court where class certification was denied. After class certification was denied and the case was still pending in federal court, other putative class members filed individual claims in a Louisiana state court, entitled *Smith v. Transport Services Co.* (*Smith*), which is the present case before us.[2] In its simplest terms, the specific issue is whether Louisiana Code of Civil Procedure Article 596A(3)[3] continues to suspend prescription for putative class members, plaintiffs herein, when a class action filed in a Louisiana state court is removed to federal court. For the following reasons we find under Article 596 prescription was suspended for the putative class members (Smith et al.) upon the filing of the *Fulford/Abram* class action in a Louisiana state court, and none of the three triggering events contained in Article 596 to resume the tolling of

---

[1] One lawsuit, entitled *Fulford v. Transport Services Co.*, was filed against "Transport Services Company, ABC Chemical, Inc., and XYZ Insurance Company," and the other, entitled *Abram v. Transport Service Co.*, was filed against "Transport Service Company" alone. The six class representatives from *Fulford* and *Abram* are not parties to the instant case.

[2] A more complete procedural history is discussed *infra*.

[3] By 2010 La. Act No. 185, the Legislature reenumerated Article 596. The substance of Article 596(3) is now contained in Article 596A(3); this did not effect a change in the law. In the interest of clarity, we will refer to this provision by its current enumeration.

prescription occurred. Thus, we reverse the Court of Appeal and overrule defendants' exception of prescription.

## FACTUAL BACKGROUND

On August 7, 2002, Dan Davis (Davis), who was employed as a driver for Transport Services Company of Illinois (Transport), parked a tanker truck containing pressurized "spent caustic" vapors at his parents' home near the intersection of Leonidas and Green Streets in New Orleans. While Davis was eating dinner, a hissing sound began emitting from the top of the tractor-trailer's dome area, and these spent caustic vapors leaked into the neighborhood.

Exactly one year later, on August 7, 2003, two separate class action petitions for damages arising out of this incident were filed in Civil District Court for the Parish of Orleans (*Fulford/Abram*, collectively). Thereafter, defendant removed these matters to the United States District Court for the Eastern District of Louisiana, and the cases were consolidated. Following a hearing in federal court on June 1, 2004, class certification was denied. Defendants took no action to notify putative class members of the denial of class certification. The *Fulford/Abram* plaintiffs sought to provide notice to putative class members via U.S. Mail on September 7, 2004, and published notice in the *Times Picayune* on ten consecutive days, from September 19, 2004, through September 29, 2004.

## PROCEDURAL HISTORY

On June 8, 2004, three of these putative class members, Tenesha Smith, Melvin Porter, Sr., and Wallace Dixon ("plaintiffs," collectively), filed the instant action in Civil District Court for the Parish of Orleans against Transport, Davis, and Transport's insurer, Protective Insurance Company ("defendants," collectively), making the same class action allegations as were contained in *Fulford/Abram*. Defendants filed a declinatory exception of *lis pendens*, seeking a

2

stay of the proceedings pending the resolution of *Fulford/Abram* in federal court. On September 20, 2004, following a hearing, Judge Robin M. Giarrusso granted defendants' exception of *lis pendens* as it related to the purported class action claim but held the plaintiffs were permitted to pursue their claims individually. The District Court further gave plaintiffs

> 30 days from the date of the signing of this Judgment, within which to amend their pleadings to add additional plaintiffs to this lawsuit, which additions will not affect or extend any prescriptive periods that have already run as to any new plaintiffs, with defendants reserving all available defenses and exceptions.

Accordingly, plaintiffs filed an amended petition on October 4, 2004, adding approximately 500 additional plaintiffs to the case. The District Court granted plaintiffs leave to amend on October 7, 2004.

In their answer, defendants raised, *inter alia*, an exception of prescription, arguing the claims of the roughly 500 plaintiffs added in the amended petition were prescribed because they were added on October 4, 2004, more than thirty days after the entry of the federal court's June 1, 2004 order denying class certification in *Fulford/Abram*. The District Court overruled this exception, holding the amended petition was timely filed because "prescription remains suspended upon the filing of a class action until thirty (30) days after putative class members are notified that a court has denied class certification," under Louisiana Code of Civil Procedure Article 596A(3). Thereafter, defendants sought and were denied writs in the Fourth Circuit and in this Court. *Smith v. Transport Services Co.*, 05-0428 (La. App. 4 Cir. 4/18/05), *writ denied*, 05-1291 (La. 6/17/05), 904 So.2d 707.

Following a trial on the issues of liability and general causation,[4] the District Court entered judgment on these issues in favor of the plaintiffs. On appeal of this judgment, defendants, *inter alia*, reurged the exception of prescription. The Fourth Circuit affirmed the District Court's decision to overrule the exception, finding

---

[4] The parties agreed to bifurcate the trial into separate liability and damages phases.

"the liberative prescription that was suspended with the filing of the class action petition, commenced to run again thirty (30) days 'after publication of notice' to the putative class members, or on October 7, 2004"—30 days from the day notice of the denial was first mailed to putative class members. *Smith v. Transport Services Co.*, 10-1238, pp. 7-8 (La. App. 4 Cir. 5/4/11), 67 So.3d 487, 491, *writ denied*, 11-1147 (La. 9/16/11), 69 So.3d 1146. Thus, the Fourth Circuit held "the filing of the amended petition on October 4, 2004 was within the 30 days allowed by La. C.C.P. art. [596A(3)] and was also filed within the 30 days provided by the September 20, 2004 trial court judgment." *Id.* at 8, 67 So.3d at 492. Accordingly, the Court of Appeal remanded the case for further proceedings.

Defendants reurged their exception of prescription once more on remand, arguing plaintiffs' claims were prescribed on their face and should be dismissed under this Court's decision in *Quinn v. Louisiana Property Insurance Corporation*, 12-0152 (La. 11/2/12), 118 So.3d 1011. The District Court again overruled the exception, holding its earlier denial of the exception precluded consideration of the present exception pursuant to the doctrine of *res judicata*. Defendants applied for supervisory review of the District Court's denial of their peremptory exception of prescription which the Fourth Circuit granted and reversed, dismissing plaintiffs' entire case with prejudice, finding pursuant to *Quinn*, "the entire Smith suit had prescribed because prescription was never suspended by the [*Fulford/Abram*] cases."

We granted certiorari on plaintiffs' application to review the correctness *vel non* of the Court of Appeal's ruling. *Smith v. Transport Services Co.*, 13-2788 (La. 2/28/14), 134 So.3d 1167.

## DISCUSSION

The present case requires us to determine what effect, if any, removal of a Louisiana state filed class action to a federal court has on the suspension of

4

prescription provided by Louisiana Code of Civil Procedure Article 596. This article is a special provision, the purpose of which is to prevent prescription from accruing against the claims of members of a putative class action until such point as the propriety of the class action or the member's participation in the class action is determined. *Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.*, 11-2835, p. 14 (La. 11/2/12), 125 So.3d 1057, 1065. In other words, the article rests on the premise that members of a putative class are treated as parties to the action and, thus, for prescription purposes as having instituted their own actions, for as long as they remain members of the class. *Id.* Because Article 596 concerns prescription, it is "strictly construed against prescription and in favor of the obligation sought to be extinguished." *Quinn*, 12-0152 at p. 9, 118 So.3d at 1017 (quoting *Taranto v. Louisiana Citizens Property Ins. Corp.,* 10-0105, p. 5 (La.3/15/11), 62 So.3d 721, 726); *Bailey v. Khoury*, 04-0620, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275. Ordinarily, the party urging prescription bears the burden of proof at trial of the exception; however, if the petition is prescribed on its face, the burden shifts to the plaintiff to show the action is not prescribed. *Quinn*, 12-0152 at p. 9, 118 So.3d at 1017; *Taranto*, 10-0105 at p. 5, 62 So.3d at 726; *Cichirillo v. Avondale Industries, Inc.*, 04-2894, 04-2918, p. 5 (La. 11/29/05), 917 So.2d 424, 428.

Article 596A, the subsection at issue, has two complementary facets, one involving the suspension of prescription, and the other its recommencement. First, Article 596 extends the benefits of suspension to the claims of all members of a class described in a class action petition filed in a Louisiana State court: "Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein." La. Code Civ. Proc. art. 596A. As we explained in *Quinn*,

According to its plain terms, to receive the benefit of the suspension

of prescription provided in La. C.C.P. art. 596…an individual filing an independent suit must establish three predicate facts: (1) the existence of a timely filed class action proceeding against the defendant, (2) that he or she is a member of the class described or defined in the identified class petition, and (3) that the claims asserted in the independent action arise "out of the transactions or occurrences described" in that petition.

*Quinn*, 12-0152 at p. 8, 118 So.3d at 1016.

Plaintiffs allege the timely filing of the *Fulford/Abram* class action petitions in Louisiana state court suspended prescription as provided by Article 596. It is undisputed the *Fulford/Abram* class action petitions were timely filed in Civil District Court for Orleans Parish, the plaintiffs were putative members of the *Fulford/Abram* class, and their claims arise "out of the transactions or occurrences described" in the *Fulford/Abram* petitions. Therefore, by operation of Article 596, prescription was "suspended on the filing" of *Fulford/Abram* petitions in a Louisiana state court. La. Code Civ. Proc. art. 596A; *Quinn*, 12-0152 at p. 15, 118 So.3d at 1020 ("[T]he plain language of La. C.C.P. art. 596 dictates that the suspension of prescription provided therein applies only to 'petition[s] brought on behalf of a class' in the state courts of Louisiana.").

Once an individual establishes his entitlement to the benefits of suspension under Article 596, the article's second facet becomes relevant, that is, the limits of this privilege and the conditions under which prescription will begin to run again:

Prescription which has been suspended as provided herein, begins to run again:

(1) As to any person electing to be excluded from the class, thirty days from the submission of that person's election form;

(2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or

(3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class

6

or has vacated a previous order certifying the class.

La. Code Civ. Proc. art. 596A. The three discrete events described in Article 596A are "the **exclusive statutory triggers** for re-commencing prescription": (1) the submission of an election form; (2) notice of the restriction or redefinition of the class to exclude an individual; or (3) notice of the dismissal of the action, of a judgment striking the demand for class relief, or of a judgment denying the motion for class certification or vacating a previous order certifying the class. *Quinn*, 12-0152 at pp. 6-7, 118 So.3d at 1015 (emphasis added); *Duckworth*, 11-2835 at pp. 14-15, 125 So.3d at 1065-66. In other words, once prescription has been suspended under Article 596, it can *only* recommence upon the occurrence of one of these three discrete, specific, and clear triggering events. *Quinn*, 12-0152 at p. 8, 118 So.3d at 1016. Based on the record before us, it appears none of these three triggering events occurred until September 7, 2004, when the *Fulford/Abram* plaintiffs began mailing notice to putative class members of the federal court's June 1, 2004 denial of class certification. Pursuant to the plain language of Article 596, prescription did not recommence until "thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed." Plaintiffs filed their amended petition within this thirty day period. Therefore, plaintiffs' claims were not prescribed on their face. The defendants bore the burden of proving the claims were prescribed, a burden defendants failed to carry because they introduced no evidence to establish one of the three triggering events listed in Article 596 occurred before September 7, 2004.[5] Thus, we find the Court of Appeal erred in finding plaintiffs' claims prescribed and in dismissing their case.

In sustaining defendants' exception of prescription, the Court of Appeal relied on this Court's rejection of "cross-jurisdictional tolling" in *Quinn*. This

---

[5] Defendants argued below that plaintiffs received notice by "delivery or other publication" when the federal court entered its order denying class certification in *Fulford/Abram*. We find this argument unpersuasive and contrary to the rule requiring strict construction of laws concerning prescription.

reliance was misplaced. *Quinn* involved plaintiffs who sought to base their entitlement to Article 596 suspension on a class action petition originally *filed in federal court*. Examining the unique features of Article 596 relative to those of the Federal Rules of Civil Procedure, we found "the plain language of La. C.C.P. art. 596 dictates that the suspension of prescription provided therein applies only to 'petition[s] brought on behalf of a class' in the state courts of Louisiana." *Quinn*, 12-0152 at p. 15, 118 So.3d at 1020. Indeed,

> To interpret the article to provide for cross-jurisdictional tolling would not only subvert the purpose of prescriptive statutes, but would render much of the language of Article 596 meaningless when a class action is filed in a jurisdiction other than Louisiana.

*Id.* at 14, 118 So.3d at 1020. Above all, our decision in *Quinn* was confined by the plain language of Article 596. In the present case, we are faced with different circumstances. Nevertheless, our conclusion must likewise be anchored to the plain language of the law.

Unlike *Quinn*, the present matter does not involve "cross jurisdictional tolling," that is, we are not applying Louisiana procedural law in hindsight to a case which was not first filed in a Louisiana state court. Rather, in this case it is undisputed that prescription was suspended by operation of Article 596 the instant the *Fulford/Abram* petitions were *filed in a Louisiana state court*. As we recognized in *Quinn*, the provisions of Article 596A "contemplate that prescription, once suspended, 'begins to run again' at some point." 12-0152 at p. 14, 118 So.3d at 1020.

Although defendants do not dispute that the filing of the *Fulford/Abram* petitions suspended prescription prior to removal of the case to federal court, they ask us to disregard the three exclusive statutory triggers of Article 596. This we cannot do. *Duckworth*, 11-2835 at p. 12, 125 So.3d at 1064 ("[A]s the solemn expression of the legislative will, if an enactment provides a solution to a particular

situation, then no jurisprudence, usage, equity or doctrine can prevail over the legislation."); La. Civ. Code arts. 2 and 3. Indeed, as the defendants recognize in their briefs, removal is *not* one of the three events triggering the recommencement of prescription.

Defendants argue the notice requirements of Article 596A(3) cannot apply because federal courts are not required to enforce Louisiana's rules and cannot be counted on to voluntarily order such notice upon request. Under these circumstances, we are not persuaded by this argument. Absent a court order, defendants are incentivized to provide notice because prescription will not recommence until "thirty days after mailing or other delivery or publication of a notice to the class" and because defendants want the economic and psychological security which our laws on prescription aim to provide. *Duckworth*, 11-2835 at 19, 125 So.3d at 1068. As this case illustrates, even when a court does not order notice, it is often provided voluntarily by the parties. Thus, although we understand defendants' concerns, the economic benefits of prescription will induce the parties to provide notice, even without the compulsion of a court order.

## CONCLUSION

Therefore, consistent with *Quinn* and with the plain language of Article 596, we hold, under the circumstances of this case, removal has no effect on the suspension of prescription provided by Louisiana Code of Civil Procedure Article 596. The filing of a class action petition in a Louisiana state court suspends prescription by operation of Article 596. Even if the case is removed to federal court, prescription cannot recommence until one of Article 596's triggering events has occurred. Under the present facts, prescription did not recommence until thirty days after the mailing of notice to the putative plaintiffs. Thus, the Court of Appeal erred in sustaining defendants' exception of prescription.[6] Accordingly, we reverse

---

[6] Because we find merit in this assignment of error, it is not necessary for us to address plaintiffs' alternative

9

the judgment of the Court of Appeal and overrule defendants' exception of prescription. This case is remanded to the District Court for further proceedings.

assignments.

**DECREE**

**REVERSED; EXCEPTION OF PRESCRIPTION OVERRULED; CASE REMANDED TO DISTRICT COURT.**

07/01/14

# SUPREME COURT OF LOUISIANA

## NO. 2013-CC-2788

### *TENESHA SMITH, ET AL.*

### *VERSUS*

### *TRANSPORT SERVICES COMPANY OF ILLINOIS, ET AL.*

**ON SUPERVISORY WRITS TO THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**VICTORY, J. dissents for the reasons assigned by J. Weimer.**

07/01/14

SUPREME COURT OF LOUISIANA

NO. 2013-CC-2788

TENESHA SMITH, ET AL.

VERSUS

TRANSPORT SERVICES COMPANY OF ILLINOIS, ET AL.

*ON SUPERVISORY WRITS TO THE CIVIL DISTRICT COURT
FOR THE PARISH OF ORLEANS*

**WEIMER, J.**, dissenting.

I respectfully dissent from the majority opinion insofar as it attempts to draw a distinction, for purposes of the tolling of prescription, between putative class actions filed in federal court and those initially filed in state court and later removed to federal court. In **Quinn v. Louisiana Citizens Property Insurance Corp.**, 12-0152, p. 13 (La. 11/2/12), 118 So.3d 1011, 1019, this court held that in linking the suspension of prescription under La. C.C.P. art. 596 to unique features of Louisiana class action procedure, the legislature expressed an intent that the suspension of prescription effected thereunder applies only to putative class actions in the courts of Louisiana. While, admittedly, there is a factual distinction between **Quinn** and the present case in that **Quinn** addressed cross-jurisdictional tolling in the context of a putative class action "filed in federal court," and the present proceeding involves a putative class action originally filed in state court and later removed to federal court, the distinction is one without a difference. Underpinning **Quinn** is the recognition that, because Louisiana's procedural rules do not apply in foreign jurisdictions (and in the federal courts in particular), the suspension effected by La. C.C.P. art. 596

could continue indefinitely–a result at odds with the very aim and purpose of prescription–rendering much of the language of La. C.C.P. art. 596 meaningless and creating the potential for disparate results depending on the particular jurisdiction in which the issue of class certification is adjudicated. **Quinn**, 12-0152 at 13-14; 118 So.3d at 1019-1020. This untoward result obtains regardless of whether the putative class action is originally filed in federal court or is filed in state court and subsequently removed to federal court.

While the majority's attempt to distinguish this case from **Quinn** is well-intentioned, ultimately, the opinion fails to adequately account for the event that it relies on to distinguish this case from **Quinn**: the removal of the class action proceeding to federal court and the consequences of that removal. Pursuant to 28 USC § 1446, once removal is effected, the federal district court acquires full and exclusive subject-matter jurisdiction over the litigation, and the case proceeds as if it had originally been brought in federal court. 14C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3738 (4th ed. 2009). The removed case is governed by the Federal Rules of Civil Procedure. **Id.**; Fed. R.Civ.P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Thus, the same procedural rules that govern class action proceedings originally filed in federal court apply to those removed to federal court. Yet, it is the disparity between those rules and La. C.C.P. art. 596–a disparity that applies equally to class actions filed in federal court and those removed to federal court–that prompted this court's conclusion in **Quinn** that the suspension of prescription effected under La. C.C.P. art. 596 can only apply to putative class actions in Louisiana state courts.

While the majority opinion seeks to distinguish between class actions filed in federal court and those removed to federal courts by insisting that this is not a case,

2

like **Quinn**, in which the court was called upon to apply "Louisiana procedural law in hindsight" to a proceeding in federal court, that is precisely what the majority is attempting to do here: engraft La. C.C.P. art. 596's rules for the recommencement of prescription to a proceeding in federal court. Moreover, the method by which this is to be accomplished is purely aspirational. In other words, acknowledging that federal courts are not required to enforce Louisiana's procedural rules, the majority hypothesizes that defendants will be "incentivized" to provide the notice necessary to recommence the running of prescription and, thus, concerns about the indefinite suspension of prescription in putative class actions removed to federal court are unwarranted. However, this same argument–defendants facing individual suits in Louisiana state courts following the denial of certification in federal class actions will be "incentivized" to provide the notice required by Louisiana procedural law and thus concerns as to the indefinite suspension of prescription are unfounded–can be made with respect to class action proceedings originally filed in federal court.

In the final analysis, the majority opinion fails to explain why the fact that a putative class action is removed to federal court and adjudicated there as opposed to being originally filed and adjudicated in federal court compels a different result insofar as the tolling of prescription under La. C.C.P. art. 596 is concerned. Because the result in this case is inconsistent with the rationale and holding of this court in **Quinn**, I must respectfully dissent.

SUPREME COURT OF LOUISIANA

NO. 2013-CC-2788

TENESHA SMITH, ET AL.

VERSUS

TRANSPORT SERVICES COMPANY OF ILLINOIS, ET AL.

**GUIDRY, Justice, dissents and assigns reasons.**

I respectfully dissent from the majority's holding that La. Code Civ. Proc. art. 596 acts to suspend prescription for putative class members even though the class action, originally filed in state court, is thereafter removed to federal court and class action certification is denied. In *Quinn v. Louisiana Property Insurance Corporation*, 12-0152 (La. 11/2/12), 118 So.3d 1011, this court definitively held that the suspension of prescription effected under the article applies only to putative class actions filed in Louisiana state courts, rather than those filed in federal courts. The majority's attempt to distinguish this case from *Quinn* on the basis that removal to federal court of a class action suit originally filed in state court is somehow qualitatively different from the class action being originally filed in federal court is unpersuasive. The Federal Rules of Civil Procedure apply in either case. *See* Fed. R. Civ. P. 81(c)(1). Accordingly, I see no compelling reason to apply La. Code Civ. Proc. art. 596 to one and not the other.