Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,139-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| IN RE: MEDICAL REVIEW PANEL PROCEEDINGS FOR THE CLAIM OF RHONDA FERGUSON | Plaintiff-Appellant |

versus

| | |
|---|---|
| DR. JAMES G. HOWELL, DR. MICHAEL BANDA AND WILLIS KNIGHTON MEDICAL CENTER D/B/A WILLIS KNIGHTON BOSSIER HEALTH CENTER | Defendants-Appellees |

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 157347

Honorable Robert Lane Pittard, Judge

* * * * *

| | |
|---|---|
| LAW OFFICE OF SUSAN E. HAMM<br>By: Susan Elizabeth Hamm | Counsel for Appellants,<br>Rhonda Ferguson and<br>Marshall Ferguson |
| CARAWAY LEBLANC, L.L.C<br>By: Kathryn Montez Caraway<br>Erica L. Andrews | Counsel for Appellee,<br>Dr. Michael Banda |
| WATSON, BLANCHE, WILSON & POSNER<br>By: Callie M. Boudreaux | Counsel for Appellee,<br>Willis Knighton Bossier<br>Health Center |

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL
By:  Lawrence Wayne Pettiette, Jr.
     Joseph Samuel Woodley

Counsel for Appellee,
Dr. James G. Howell

\* \* \* \* \*

Before PITMAN, COX, and McCALLUM, JJ.

**McCALLUM, J.**

Rhonda and Marshall Ferguson appeal a judgment granting the exception of prescription and dismissing their medical malpractice claim as prescribed. For the following reasons, we affirm the judgment.

## FACTS

On November 2, 2016, Rhonda Ferguson underwent hernia repair surgery that was performed by Dr. James Howell. Dr. Michael Banda and surgical assistant Jacqueline Phelps assisted in the surgery. Two weeks later, Dr. Howell, with Phelps assisting, performed an incision and drainage surgical procedure on Ferguson. On November 21, Dr. Howell performed an exploratory laparotomy and small-bowel resection on Ferguson. Dr. Banda and Phelps assisted. All three surgeries took place at Willis-Knighton Bossier Health Center.[1]

On October 31, 2017, Ferguson and her husband, Marshall Ferguson, mailed a request for the formation of a Medical Review Panel ("MRP") to the Division of Administration, which received the request on November 3, 2017. Named as defendants were Dr. Howell, Dr. Banda, Phelps, and Willis-Knighton Medical Center d/b/a Willis-Knighton Bossier Health Center. It was alleged that the medical malpractice occurred from November 2 to December 12, 2016. The request was forwarded to the Patient's Compensation Fund ("PCF").

On November 20, 2017, the PCF wrote to the Fergusons' attorney, Susan Hamm, that the request for an MRP had been received. The request was given file number 2017-01195. The letter from the PCF notified Hamm

---

[1] Willis-Knighton is spelled without the hyphen in the request for the formation of a Medical Review Panel and in the case caption.

that Willis-Knighton and Drs. Banda and Howell were qualified providers,

but that the PCF was still verifying whether Phelps was a qualified provider.

The letter further stated (all emphasis as in original):

> In accordance with R.S. 40:1231.8(A)(1)(c) a filing fee of $100 per qualified defendant **must be received by the [PCF] within 45 days of your receipt of this notice.  Please remit <u>full</u> payment to the [PCF] in the amount of $300.**  This filing fee may only be waived upon receipt of an affidavit from a physician or a district court's in forma pauperis ruling as set forth in R.S. 40:1231.8(A)(1)(d).  <u>**Failure to comply shall render the request invalid and without effect as to all named health care providers including any previously qualified providers**</u>.  The request shall not suspend the time within which suit must be instituted.

Dr. Banda, Dr. Howell, and Willis-Knighton were given notice of

Fergusons' request for an MRP on November 20, 2017.

On December 7, 2017, the PCF wrote to Hamm to acknowledge

receipt of a $300 money order as payment of the filing fees for Willis-

Knighton, Dr. Howell, and Dr. Banda.  The letter also instructed Hamm

concerning the process for selecting a chairman for the MRP.

On January 5, 2018, the PCF notified Hamm that Phelps was also a

qualified provider.  The letter from the PCF stated (all emphasis as in

original:

> In accordance with R.S. 40:1231.8(A)(1)(c) a filing fee of $100 per qualified defendant **must be received by the [PCF] within 45 days of your receipt of this notice.  Please remit <u>full</u> payment to the [PCF] in the amount of $100**.  This filing fee may only be waived upon receipt of an affidavit from a physician or a district court's in forma pauperis ruling as set forth in R.S. 40:1231.8(A)(1)(d).  <u>**Failure to comply shall render the request invalid and without effect as to all named health care providers including any previously qualified providers**</u>.  The request shall not suspend the time within which suit must be instituted.

The PCF gave notice to Phelps of the Fergusons' request for an MRP on

January 5, 2018.

The $100 filing fee was not submitted. On March 5, 2018, the PCF wrote to Hamm that because of the failure to pay the $100 filing fee, the Fergusons' request for an MRP was considered invalid and without effect. A refund check for $300 was sent to Hamm.

On March 9, 2018, the Fergusons mailed a second request for an MRP to the Division of Administration. This time, only Dr. Banda, Dr. Howell, and Willis-Knighton were named as defendants. The request was received by the Division of Administration on March 12, 2018.

On March 20, 2018, the PCF wrote to Hamm to acknowledge receipt of the request for an MRP. A new number of 2018-00236 was assigned to the file. Hamm was instructed to pay a filing fee of $300. Other than the amount listed, the language in this letter concerning the filing fee and the penalty for not doing so was identical to what was in the prior letters from the PCF to Hamm acknowledging receipt of the request. In a letter to Hamm dated April 10, 2018, the PCF acknowledged receipt of the $300 filing fee for the new request for an MRP.

In October of 2018, Dr. Banda, Dr. Howell, and Willis-Knighton filed exceptions of prescription in the district court against the Fergusons' medical malpractice claim.[2] They asserted that the first request for an MRP was invalid and without effect and that the second request for an MRP was filed more than one year after the alleged medical malpractice occurred.

Following a hearing on the exceptions, the district court granted the exceptions and dismissed the malpractice claim. The Fergusons have appealed.

---

[2] La. R.S. 40:1231.8(B)(2)(a) allows defendants to file exceptions in court.

3

**DISCUSSION**

When evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Cooksey v. Heard, McElroy, & Vestal, L.L.P.*, 44,761 (La App. 2 Cir. 9/23/09), 21 So. 3d 1011. At the hearing on the exception, Hamm introduced her exhibits attached to her opposition. Counsel for Dr. Howell offered the entire suit record.

The Louisiana Medical Malpractice Act's limitations on the liability of health care providers are special legislation in derogation of the rights of tort victims, and as such, the coverage of the Act should be strictly construed. *Sewell v. Doctors Hosp.*, 600 So. 2d 577 (La. 1992); *Billeaudeau v. Opelousas Gen. Hosp. Auth.*, 2016-0846 (La. 10/19/16), 218 So. 3d 513.

Ordinarily, the party urging prescription bears the burden of proof at the trial of the exception. However, if the petition is prescribed on its face, the burden shifts to the plaintiff to show the action is not prescribed. *Smith v. Transport Servs. Co. of Illinois*, 2013-2788 (La. 7/1/14), 148 So. 3d 903.

A medical malpractice action must be filed "within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect[.]" La. R.S. 9:5628(A). Even a claim filed within one year of the date of discovery must still be filed within three years from the date of the alleged act, omission, or neglect. *Id.*

The filing of the request for a review of a medical malpractice claim shall suspend the time within which suit must be instituted. La. R.S. 40:1231.8(A)(2)(a). However, La. R.S. 40:1231.8(A)(1)(e) states:

4

Failure to comply with the provisions of Subparagraph (c) or (d) of this Paragraph within the specified forty-five day time frame in Subparagraph (c) of this Paragraph shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.

Subparagraphs (c) and (d) of La. R.S. 40:1231.8(a)(1) which are

referenced above state:

(c) A claimant shall have forty-five days from the date of receipt by the claimant of the confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.
(d) Such filing fee may be waived only upon receipt of one of the following:
(i) An affidavit of a physician holding a valid and unrestricted license to practice his specialty in the state of his residence certifying that adequate medical records have been obtained and reviewed and that the allegations of malpractice against each defendant health care provider named in the claim constitute a claim of a breach of the applicable standard of care as to each named defendant health care provider.
(ii) An in forma pauperis ruling issued in accordance with Code of Civil Procedure Article 5181 et seq. by a district court in a venue in which the malpractice claim could properly be brought upon the conclusion of the medical review panel process.

There is no suggestion that the fee was waived; therefore, Subparagraph (d)

is not applicable in this matter.

The Fergusons maintain that the PCF exceeded its authority and acted

arbitrarily and capriciously when it returned the $300 filing fee and notified

them that their request for an MRP in file number 2017-01195 was invalid

and without effect. They assert that their claims were timely established

against Dr. Banda, Dr. Howell, and Willis-Knighton when the PCF accepted

the filing fee. They further assert that the filing fee later required for Phelps

had no bearing on these claims. They note that after receiving the $300 fee,

the PCF took the next step of instructing them on the process for selecting a chairman for the MRP.  We disagree with the Fergusons' contentions.

The filing of the request for review and the payment of the fee are inexorably joined.  *Medical Review Panel of Davis v. Louisiana State Univ. Health Sciences Ctr.-Shreveport*, 41,273 (La. App. 2 Cir. 8/25/06), 939 So. 2d 539, *writ denied*, 2006-2343 (La. 12/8/06), 943 So. 2d 1092.  La. R.S. 40:1231(A)(1)(c) required the Fergusons to pay a filing fee of $100 per named defendant.  This they failed to do, and the language in the statute is clear regarding the consequences.  La. R.S. 40:1231(A)(1)(e) states that the failure to comply with this requirement "shall render the request for review of a malpractice claim invalid and without effect."  It further states that "[s]uch an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted[.]"  The exceptions of prescription were filed and granted because an invalid request for review of a malpractice claim does not suspend the time within which suit must be instituted.

The Fourth Circuit dealt with a similar issue in *Medical Review Complaint by Downing*, 2018-1027 (La. App. 4 Cir. 5/8/19), 272 So. 3d 55, *writs denied*, 2019-00929 (La. 9/24/19), 278 So. 3d 979, 2019-00938 (La. 9/24/19), __ So. 3d __, 2019-00939 (La. 9/24/19), 278 So. 3d 979, 2019-00943 (La. 9/24/19), __ So. 3d __, which involved medical malpractice claims brought against both private and public health care providers.  A request for a medical review proceeding was filed with the Division of Administration alleging medical malpractice by 12 defendants, including five private health care providers.  The claimants included a $100 check as a filing fee and indicated that any additional filing fee would be forwarded

6

upon notice of other qualified defendants.  On July 23, 2015, the PCF acknowledged receipt of the request and stated that three of the five private providers were qualified, and they were awaiting verification as to whether the two remaining private providers were qualified.  The PCF also acknowledged receipt of the $100 filing fee, but reminded the claimants that a filing fee of $100 per qualified defendant must be received within 45 days.  They were asked to remit "full payment" of $200.

On August 4, 2015, the PCF informed the Downings that the two remaining private providers were qualified.  The PCF advised them that a $100 filing fee for each of those two private providers must be received within 45 days.  They were asked to remit "full payment" of $200.  The Downings owed $400 in filing fees at the moment.

On August 29, 2015, the Downings submitted a $200 check to the PCF.  The Downings also sent a $500 check to the Division of Administration to cover the filing fee for their complaint against the public health care providers.[3]  The Division of Administration acknowledged receipt of the $500 fee and assigned a panel number to the claim against the state providers.

On September 9, 2015, the PCF acknowledged receipt of the $200 check.  A second check for $200 was submitted later that month by the Downings, but it was not received by the PCF within the 45-day window.

On October 1, 2015, the PCF notified the Downings that a refund was being processed because the balance due was not received timely, and that

_____

[3] In their complaint, the Downings gave incomplete names for two of the defendants.  Those two providers were later dismissed.

their claim was considered invalid and without effect as to the last two private providers determined to be qualified.

Three of the private health care providers then filed an exception of prescription. They maintained that the Downings' failure to comply with the requirements of La. R.S. 40:1231.8(A)(1)(c) by not paying the complete filing fee rendered their entire request invalid and without effect. The exception was granted.

The Fourth Circuit concluded that the Downings' request for an MRP was not a perfected request sufficient to suspend prescription. The Downings were required to pay the full filing fee of $100 per provider in order to perfect the request for review. Because the request named five private defendants and only $300 was paid to the PCF, the Fourth Circuit determined that the trial court was not manifestly erroneous in finding that the request was invalid and without effect as to the five private defendants. Thus, the request did not suspend prescription.

When the October 1 letter from PCF stated that that the Downings' request was invalid against two of the private providers, this suggested that their request had been perfected against the remaining private providers. The Downings maintained that this supported their argument that the failure to pay the fee for less than all the providers did not invalidate the entire request. However, the Fourth Circuit rejected this argument because the PCF lacks the authority to determine which providers are covered by the payment of a partial filing fee.

In *Kirt v. Metzinger*, 2019-0180 (La. App. 4 Cir. 6/19/19), 274 So. 3d 1271, the Fourth Circuit considered whether a request for an MRP can be perfected as to some, but not all, of the defendants when the filing fees are

not paid in full. Relying on *Downing*, the Fourth Circuit determined that it could not.

The three defendants in *Kirt v. Metzinger* were initially named in a request for the formation of an MRP made on September 23, 2011. On October 4, the PCF notified the Kirts that the three providers were qualified and that a filing fee of $100 per defendant was due within 45 days. On October 17, the Kirts sent correspondence to the PCF seeking the addition of two other defendants, a named nurse and an unidentified nurse. A check for $500 to cover the filing fees was included with the correspondence. On October 31, the PCF wrote to the Kirts that their request was being returned because the full name of the unidentified nurse was not provided. On November 17, the Kirts sent correspondence to the PCF stating that the name of that nurse remained unknown. They also requested that the anesthesia provider who employed the unidentified nurse be added as a defendant. On December 2, the PCF acknowledged receipt of the November 17 letter, confirmed the anesthesia provider was qualified, and noted that verification of the identified nurse as a qualified provider was ongoing. On March 2, 2012, the Kirts wrote to the PCF that they had learned that Martin was the name of the unidentified nurse. On March 21, the PCF confirmed that both nurses were qualified providers and requested a payment of $100 for the filing fee within 45 days. On May 17, the PCF wrote to the Kirts that because the $100 fee had not been received, the request was invalid and without effect as to Martin.

A petition for damages was ultimately filed in the district court. After the three initial defendants were dismissed by summary judgment,

exceptions of prescription were filed by the three remaining defendants, including Martin. The court granted the exceptions.

The Kirts argued on appeal that prescription had been suspended because the May 17 letter from the PCF showed that their request had been perfected against all defendants other than Martin. The Fourth Circuit rejected this argument. As the Fourth Circuit had concluded earlier in *Downing*, a claimant's failure to pay the full filing fee invalidates the request as to all providers regardless of what correspondence from PCF indicates.

The duties of the PCF are ministerial and clerical in nature. The PCF cannot designate to which providers a partial filing fee is assigned. Thus, although the letter from the PCF informed Hamm to start the process of selecting a panel chairman, this is immaterial as the request for a MRP is not perfected until the full filing fee is paid.

One of the PCF's duties is to notify the claimant and all named defendants by certified mail if the required filing fee is not timely paid pursuant to Subparagraph (1)(c). La. R.S. 40:1231.8(A)(4)(d). If an untimely fee is received, the PCF is charged with returning or refunding the fee to the claimant within 30 days of receiving it. La. R.S. 40:1231.8(A)(6). An untimely or unpaid fee renders a request invalid and without effect. That is what is stated in La. R.S. 40:1231.8(A)(1)(e) and is not a determination made by the PCF. The language in the PCF letter merely reminds claimants of what the statute provides. Moreover, the PCF did not go outside its limited duties in this matter. It did not dismiss or adjudicate the Fergusons' claim. Rather, that was done by the trial court after Dr. Banda, Dr. Holloway, and Willis-Knighton successfully argued their exceptions of prescription.

10

**CONCLUSION**

Based on the foregoing, we conclude that the Fergusons' request for a Medical Review Panel mailed on October 31, 2017, was invalid and without effect because the Fergusons failed to pay the entire $400 filing fee. A request for a Medical Review Panel is invalid and does not suspend prescription when only a partial filing fee is paid. Thus, the second request for a Medical Review Panel that was mailed on March 9, 2018, was prescribed on its face. The trial court was not manifestly erroneous in determining that the Fergusons' medical malpractice claim was prescribed.

At the Fergusons' costs, the judgment is AFFIRMED.

11