ROBERT J. CALUDA, APLC AND NEW ORLEANS PRIVATE PATROL SERVICE, INC.

VERSUS

THE CITY OF NEW ORLEANS, LINEBARGER GOGGAN, BLAIR & SAMPSON, L.L.P. AND UNITED GOVERNMENT SERVICES OF LOUISIANA, INC.

\* NO. 2020-CA-0660

\* COURT OF APPEAL

\* FOURTH CIRCUIT

\* STATE OF LOUISIANA

\*

\*

\* \* \* \* \* \* \*

**LEDET, J., DISSENTS WITH REASONS**

The narrow issue in this case is whether, as the City contends, the trial court erred in granting the motion to certify the class, given that the plaintiffs' class-wide claims have prescribed.[1] Contrary to the majority, I would answer that question in the affirmative.

Resolution of the issue presented turns on the construction of the special prescription provision for class actions codified in La. C.C.P. art. 596 ("Article 596"). To provide the necessary background for addressing the issue, it is helpful to outline the manner in which an earlier-filed class action suit, by applying prescription suspension principles, can render a later-filed suit timely. *See Ansardi v. Louisiana Citizens Prop. Ins. Corp.*, 11-1717, p. 23 (La. App. 4 Cir. 3/1/13), 111 So.3d 460, 473. This background, as we observed in *Ansardi*, has two parts: first, "the historical and traditional approach to the matter and the rule that emerged"; and second, "the legislative modification of that rule applicable to class-action

---

[1] In its written reasons for judgment, the trial court explained that the City raised the issue of prescription both in its peremptory exception of prescription and in its opposition to the motion to certify. The trial court further explained that it rejected the City's position that the plaintiff-class' claims were prescribed in both contexts. Shortly before the hearing on the motion to certify, the trial court denied the City's prescription exception. In certifying the class, the trial court rejected the City's argument that the numerosity requirement could not be met given the plaintiffs' class-wide claims were prescribed. The City's appeal is from the trial court's final judgment granting the plaintiffs' motion to certify. The dispositive issue, however, is prescription.

1

lawsuits pending in Louisiana courts." *Id.* As to the first part, we observed in *Ansardi* the following:

> In *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the United States Supreme Court held that the filing of a class-action suit "suspends the applicable statute oIf limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Thus, the Court made clear that statutes of limitations, or prescription statutes, could be tolled by timely filed class-action lawsuits.
>
> Later, the Louisiana Supreme Court ruled that "since the class action is brought on behalf of all members of the class, its filing interrupts prescription as to the claims of all members of the class, whether they are noticed before or after the prescriptive delay has terminated." *Williams v. State*, 350 So.2d 131, 137 (La.1977). Thus, the Supreme Court decided that a timely filed class-action lawsuit, like any other lawsuit under La. Civil Code art. 3462, interrupted the prescriptive period.

11-1717, pp. 23-24, 111 So.3d at 473.

As to the second part, the Louisiana Legislature, in 1997, modified the general rule that the filing of a class-action suit interrupted the prescriptive period by enacting Article 596—"a special provision that prevents prescription from accruing against the claims of members of a putative class action until the propriety of the class action or the member's participation in the action is determined." *Ansardi*, 11-1717, p. 24, 111 So.3d at 473 (internal quotations and citations omitted). Article 596 provides, in pertinent part, as follow:

> A. Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again: . . .
>
> (2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him . . . .

La. C.C.P. art. 596(A)(2).

As we further observed in *Ansardi,* "[w]ithin the realm of class-action lawsuits, Article 596 provides a different tolling rule from the rule announced in *Williams,* which had been applicable to any class-action lawsuit. Article 596 provides that a class-action lawsuit pending in a Louisiana court no longer interrupts the prescriptive period, but suspends the prescriptive period." *Ansardi*, 11-1717, p. 24, 111 So.3d at 474. "Thus, to the extent that an individual plaintiff relies upon a class-action lawsuit pending in a Louisiana court, a district court is to decide whether the individual lawsuit is timely by applying the specific suspension rules set out in Article 596." *Ansardi*, 11-1717, p. 25, 111 So.3d at 474.

Although Article 596 expressly provides for suspension of prescription when a former class member seeks to commence an individual lawsuit, such is not the case here. Indeed, the City concedes that Article 596(A)(2) allows the two named Caluda plaintiffs, who were excluded from the earlier-filed class action suit, to file an individual suit. This case is a successive class action suit; the plaintiffs are seeking to bring class-wide claims. The narrow issue presented, thus, is whether an earlier-filed class action suit, by applying suspension of prescription principles, can render a later-filed successor class action suit timely. Simply put, the issue is whether Article 596 applies to a successor Louisiana class action. This is a *res nova* issue.

The City's argument is that the "named plaintiffs cannot ride on the prior restricted class action as the vehicle to file a new class action on behalf of a class of businesses who made payments almost 20 years ago—exposing the City's fisc forever." The majority rejects the City's argument, reasoning that the City's argument is based on principles previously rejected in *Duckworth v. Louisiana Farm Bureau Mut. Ins. Co*., 11-2835 (La. 11/2/12), 125 So.3d 1057, and improperly relies on federal jurisprudence. I respectfully disagree.

Following the instructions in *Duckworth*, I begin my analysis by looking to the language of the governing statutory provision. *Duckworth*, 11-2835, p. 13, 125 So.3d at 1064 (observing that "[c]onsistent with the dictates of the civil law, this court must first look to the language of this codal provision in resolving the issue presented here—not the jurisprudence and not the decisions of the federal courts"). The governing statutory provision is Article 596. "Article 596A has two complementary facets, one involving the suspension of prescription, and the other its recommencement." Catherine Palo, 22 LA. CIV. L. TREATISE, SUMMARY JUDGMENT & RELATED TERMINATION MOTIONS § 2:168 (2021). Here, only the first part is relevant. Again, the issue presented is whether the suspension of prescription extends to class-wide claims or successor class actions; recommencement is not at issue.

By its terms, Article 596 suspends prescription as to "all members of the class." Article 596, however, contains no provision suspending prescription to either class-wide claims or successor class actions. Based on the statutory language, I would find the City's prescription exception to the plaintiffs' class-wide claims has merit. Moreover, interpreting Article 596 as not extending to successor class action or class-wide claims is consistent with the United States Supreme Court's jurisprudence. In *China Agritech, Inc. v. Resh*, ___ U.S. ___, ___, 138 S.Ct. 1800, 1804, 201 L.Ed.2d 123 (2018), the Supreme Court observed:

> The question presented in the case now before us: Upon denial of class certification, may a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations? Our answer is no. *American Pipe* tolls the statute of limitations during the pendency of a putative class action, allowing unnamed class members to join the action individually or file individual claims if the class fails. But *American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations.

In so holding, Justice Ginsberg, writing for the majority, observed:

4

> Respondents' proposed reading would allow the statute of limitations to be extended time and again; as each class is denied certification, a new named plaintiff could file a class complaint that resuscitates the litigation. This prospect points up a further distinction between the individual-claim tolling established by *American Pipe* and tolling for successive class actions. The time to file individual actions once a class action ends is finite, extended only by the time the class suit was pending; the time for filing successive class suits, if tolling were allowed, could be limitless. . . . Most statutory schemes provide for a single limitation period without any outer limit to safeguard against serial relitigation. Endless tolling of a statute of limitations is not a result envisioned by *American Pipe*.

*China Agritech*, ___ U.S. at ___138 S.Ct. at 1808-09 (internal citations and footnotes omitted).

As a commentator has observed, the Supreme Court in *China Agritech* observed that its holding "would be unlikely to lead to the chaotic filing of excessive numbers of protective class actions because . . . many Circuits have long embraced the non-piggyback rule without engendering that consequence." William B. Rubenstein, 3 NEWBERG ON CLASS ACTIONS § 9:64 (5th ed. 2020).[2] The reasoning set forth in the *China Agritech* case is equally applicable to Article 596. Nothing about Louisiana's unique procedural provisions in our class action statutory scheme dictates a contrary result. *Cf. Quinn v. Louisiana Citizens Prop. Ins. Corp.*, 12-0152, p. 11 (La. 11/2/12), 118 So.3d 1011, 1018 (rejecting cross-jurisdictional tolling and observing that "a closer reading of [Article 596] reveals its operative provisions are specifically tied to several unique features of Louisiana class action procedure").

Lastly, I note that the situation created by the majority's reading of Article 596—extending Article 596's suspension of prescription to successive class action cases and class-wide claims—is exactly what Justice Weimer warned against in his dissent in *Smith v. Transp. Servs. Co. of Illinois*, 13-2788, p. 1 (La.

---

[2] *See Smith v. Cutter Biological*, 99-2068, pp. 32 (La. App. 4 Cir. 9/6/00), 770 So.2d 392, 410 (observing that "the multiplicity of class action filings relied on by the plaintiffs results in just such a 'stacking of class actions' as was criticized and rejected by *Basch v. Ground Round, Inc.*, 139 F.3d 6 (1st Cir. 1998)").

7/1/14), 148 So.3d 903, 910 (Weimer, J., dissenting) (observing that "the suspension effected by La. C.C.P. art. 596 could continue indefinitely—a result at odds with the very aim and purpose of prescription"). Accordingly, I would reverse the trial court's judgment granting the plaintiff's motion to certify given that the class-wide claims asserted are prescribed. For these reasons, I respectfully dissent.